345 So.2d 811 (1977)
In the Interest of D.F.P., a Child.
No. 76-1050.
District Court of Appeal of Florida, Fourth District.
April 22, 1977.
Richard L. Jorandby, Public Defender, and Henry Prettyman and Preston Mighdoll, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Judge.
This appeal is from an adjudication of delinquency for violation of Section 231.07, *812 Florida Statutes (1975).[1] Appellant was found to have created a disturbance which interrupted the orderly conduct of Deerfield Beach Middle School. At the time of the offense, appellant was not a pupil in or subject to the discipline of Deerfield Beach Middle School; he was, however, a student in another public school in Broward County.
The sole issue is whether appellant is exempt from the statute. The last sentence of Section 231.07 provides: "This section shall not apply to any pupil in or subject to the discipline of a school." Appellant contends that since he is a pupil in "a school", the statute cannot apply to him. The trial court rejected this interpretation and held that the exemption applies only to a pupil in, or subject to the discipline of, the school where the offense is committed. We agree with the trial court and affirm.
Considering the statute in its entirety, we conclude that its intended purpose is to make disturbances at schools by outsiders illegal. The only reasonable interpretation of the exemption provision is that it applies to those pupils who are subject to the discipline of the school where the offense takes place, thereby allowing that particular school to take care of those disturbances caused at the school by its own pupils. An entirely different situation exists where the disturbance is committed by outsiders, even though the outsiders may be pupils in other schools. If we were to accept appellant's interpretation, we would have to say that Section 231.07 does not apply to any persons who are pupils in any schools in the world. This is contrary to common sense and the obvious intent of the legislature. In statutory construction legislative intent is the polestar by which we must be guided, and no literal interpretation should be given that lends to an unreasonable or ridiculous conclusion or a purpose not designated by the legislature. State v. Sullivan, 95 Fla. 191, 116 So. 255 (1928).
We hold that the exemption provision of Section 231.07 applies only to a pupil in or subject to the discipline of the school where the offense is committed. In the present case, appellant was not a pupil in or subject to the discipline of Deerfield Beach Middle School where the offense was committed. Therefore, appellant was not exempt.
AFFIRMED.
MAGER, C.J., and LETTS, J., concur.
NOTES
[1] Section 231.07, Florida Statutes (1975), provides:

Any person who upbraids, abuses or insults any member of the instructional staff of school property or in the presence of the pupils at a school activity, or any person not otherwise subject to the rules and regulations of the school who creates a disturbance on the property or grounds of any school, who commits any act that interrupts the orderly conduct of a school or any activity thereof shall be guilty of a misdemeanor of the second degree, punishable as provided by law. This section shall not apply to any pupil in or subject to the discipline of a school.