ANSTEAD, Chief Judge.
This is an appeal from an order suppressing the results of a blood-alcohol analysis. We reverse.
The parties agree as to the facts. On January 14, 1984 at 8:32 p.m. the appellee, Frank Miller, was involved in an accident with the victim, Robert Rudolph. Chris Koski, a paramedic for Broward County, was dispatched to the scene and rendered emergency medical treatment to Rudolph. Chris Koski then transported Rudolph to Plantation General Hospital where he was pronounced dead at 9:20 p.m. At 11:15 p.m. Chris Koski was summoned back to the scene of the accident by Trooper Harold Gracey for the purpose of obtaining a blood sample from Miller. An analysis of the sample indicated that Miller’s blood alcohol content was in excess of .10. Miller was subsequently charged in a two count information with manslaughter and driving while his license was suspended.
During the criminal proceedings, the trial court entered an order granting Miller’s motion to suppress the result of the blood test. In its order, the court stated:
4) As the taking of the blood sample is in derogation of the common law but is now authorized by statute, the statute providing for the taking of a blood sample must be strictly construed. Both Florida Statute 316.1932(l)(f)(2) and Florida Statute 316.1933 provide that a paramedic may take a blood sample from a defendant if certified pursuant to F.S. 401.47. The Court takes judicial notice that although paramedic Christopher Ko-ski may have been properly certified pursuant to HRS regulations, paramedic Christopher Koski could not have been certified pursuant to Florida Statute 401.47 as there is no such statute. The Court takes judicial notice that the statute regarding certification of paramedics may have inadvertently been referred to as 401.47 but should actually have been 401.27. However, the applicable portions of Florida Statute 401.27 were amended by Section 6, Chapter 83-196 and according to the official reviewer’s comment, Section 6, Chapter 83-196, purported to amend subsection 4 as a whole, but did not republish Paragraphs 4(a), (b) and (c).
5) To that effect paramedic Christopher Koski could not have been properly certified pursuant to statute as there was no statute applicable or in existence.
6) This Court further finds that aside from the issue of the paramedic’s status as being properly certified, the paramedic was not “present at the scene of an accident for the purpose of rendering emergency medical service or treatment.” The facts stipulated to by the parties show that the paramedic was at the scene solely for the purpose of drawing a blood sample, notwithstanding the fact that he had previously been at the scene some 2V2 hours earlier for the purpose of rendering emergency medical treatment.
A paramedic is permitted to withdraw blood for the purpose of determining the alcoholic content thereof if these statutory requirements are met:[1]
*1053 1. The paramedic must be certified pursuant to Chapter 401, Florida Statutes.
2. The paramedic must be present at the scene of an accident for the purpose of rendering emergency medical service or treatment.
3. The paramedic must be acting at the request of a law enforcement officer.
The trial court stated that “the applicable portions of section 401.27 were amended by section 6, Chapter 83-196 and according to the official reviewer’s comment, section 6, Chapter 83-196, purported to amend subsection 4 as a whole, but did not republish Paragraphs 4(a), (b) and (c).” But the trial court omitted the remaining and perhaps most vital part of that note which states that “the omission appears to have occurred through inadvertence rather than an intent to repeal.” In statutory construction, the legislative intent is the polestar by which the courts must be guided, and no literal interpretation should be given that lends to an unreasonable or ridiculous conclusion or purpose not designated by the legislature. In Interest of D.F.P., 345 So.2d 811 (Fla. 4th DCA 1977). The interpretation reached by the trial court in effect would mean that there is no statute providing for certification of paramedics. Courts are to avoid such interpretation of statutes as would produce unreasonable consequences. Speights v. State, 414 So.2d 574 (Fla. 1st DCA 1982). Cf. Gunite Works, Inc. v. Lovett, 392 So.2d 910 (Fla. 1st DCA 1980). We do not believe the legislature repealed the pertinent certification provisions.
We also cannot agree with the trial court’s ruling that the paramedic was not present at the scene of the accident to render emergency medical treatment and was not acting at the request of a law enforcement officer at the time the blood sample was drawn. The same paramedic who was originally dispatched to the scene of the accident was summoned back to the scene by an officer for the purpose of withdrawing blood. We do not believe the legislature intended, by limiting those persons who might withdraw blood, to preclude a paramedic who must leave the scene in order to deliver an injured person to a hospital, from thereafter returning to the scene to withdraw blood for the purpose of ascertaining blood alcohol content. In our view the requirements of the statute have been met.
Accordingly, the order of the trial court is reversed and this cause remanded for further proceedings consistent herewith.
GLICKSTEIN and WALDEN, JJ., concur.

. Applicable statutes are sections 316.-1932(l)(f)(l) and (2), Florida Statutes (1983).