481 So.2d 1287 (1986)
Gary OSTEEN, Appellant,
v.
Curtis MORRIS, Appellee.
No. 85-823.
District Court of Appeal of Florida, Fifth District.
January 23, 1986.
*1288 Richard Rogers Whitson, Holly Hill, for appellant.
Leonard R. Ross, Daytona Beach, for appellee.
COWART, Judge.
This is an appeal of a final judgment of the County Court for Volusia County which the county court has certified to be of great public importance. We have accepted jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(a) and 9.160.
Appellee Curtis Morris, a customer,[1] personally delivered his vehicle to appellant Gary Osteen, a motor vehicle repair shop,[2] for the purpose of having repair work done. The customer was never presented a written estimate or a written notice of the right to a written repair estimate as mandated by section 559.905, Florida Statutes.[3]
The customer orally authorized the repair work after having been informed by the shop that the estimated cost of repair was between $500 and $700. After disassembly and completion of the diagnostic work necessary to more accurately estimate the total cost of all needed repairs, *1289 the shop discovered additional repair work was needed. The shop gave the customer a second oral estimate which approximated the total amount later charged, $1,490.90. The customer orally authorized the shop to complete these additional repairs. The customer does not contend that the shop's work was substandard or unsatisfactory. The customer refused to pay the shop the entire repair cost and paid only $750.
The shop filed a claim against the customer for the remaining balance due. The customer counterclaimed for the recovery of the $750 paid to the shop.
The trial court found that because of the shop's failure to comply with section 559.905(1) through (4), inclusive, a consumer act known as the "Florida Motor Vehicle Repair Act," the customer was not indebted to the shop. For the same reason of noncompliance with section 559.905, the court found the shop liable on the counterclaim for $700 ($750 - $50)[4] which the customer had paid the shop.
The trial court certified the following questions to this court to be of great public importance:
I. Whether section 559.901-559.923, inclusive, is constitutional?;
II. Whether actual loss or damage to a customer is necessary for such a customer to be "injured" to entitle him to seek relief under section 559.923, Florida Statutes?;
III. Whether general equitable principles such as quantum meruit apply in an action brought or defended under section 559.901-559.923, inclusive?;
IV. Whether a court, when asked to apply a statute such as the one here, which is in derogation of common law, should construe it strictly, in which case it would be emasculated, or should uphold the apparent intent of the Legislature, even where the Legislature has not clearly stated exactly what the "remedy" created by the Statute is supposed to be, if indeed a remedy has been created?
I. Section 559.901-923, inclusive, is constitutional as it does not impair the rights of the parties to any existing contract. The Florida Motor Vehicle Repair Act took effect on January 1, 1981, and had been in effect for over two and a half years before the present transaction between the parties. No "existing" contract between the parties was impaired by the passage of this act. See Manning v. Travelers Insurance Company, 250 So.2d 872 (Fla. 1971).
II. The Florida Motor Vehicle Repair Act does not define what constitutes an injury.[5] The trial court found the shop liable to the customer on the counterclaim. The Florida Motor Vehicle Repair Act requires the motor vehicle shop to provide a signed written estimate or receive a signed written waiver from the vehicle owner for "repair work which exceeds $50." See § 559.905, Fla. Stat. No such estimate or waiver was supplied or signed by the parties to this cause of action. The shop violated the provisions of sections 559.901-923, Florida Statutes. The customer's only injury is that he paid the shop for services for which he was not liable due to the shop violating the act. The customer has received $1,490 worth of motor vehicle repair work at a cost of $50. However, if the customer is held legally liable when the shop has disregarded the provisions of the statute, the shop could effectively disregard the intention of the legislature as evidenced by the provisions of this act.
III. Quantum meruit is the name for the legal doctrine which, in the absence of an express agreement, imposes legal liability on a contract that the law *1290 implies from facts where one receives goods or services from another under circumstances where in the normal course of common affairs a reasonable person receiving such benefit would ordinarily expect to pay for it. This consumer protection statute must necessarily be construed to be a limitation on the common law principle of quantum meruit because the recognition of a quasi-contractual obligation by the law in this situation would necessarily circumvent the very dictates of the statute by enabling a motor vehicle repair shop to ignore the statutory requirements of providing a written estimate or obtaining a written waiver.
IV. A statute is construed so as to effectuate the intent of the legislature. It was apparently the intent of the legislature to protect consumers against misunderstandings arising from oral estimates of motor vehicle repairs and the legal disputes and litigation that result from the "fait accompli" nature of claims for repair work already done. We do not suggest that the result in this case is fair to the shop. We only agree with the trial court that this result appears to be mandated in this case by the statute. In the situation addressed by the legislature  the elimination of the legal problem caused to both the customer and the repair shop when repairs are made without a clear written estimate given before the repairs are undertaken  the legislature cannot help the consumer without endangering justice to the repairman in a given case. In such instances the court must carry out the intent of the legislature and cannot do what the court may feel is justice in the case. The "justice" argument in this situation should be presented by motor vehicle repair shops to the legislature. The trial court's determination in favor of the defendant is affirmed.
AFFIRMED.
ORFINGER and UPCHURCH, JJ., concur.
NOTES
[1] A customer is defined in § 559.903(3), Fla. Stat.
[2] A motor vehicle repair shop is defined in § 559.903(2), Fla. Stat.
[3] Section 559.905, Fla. Stat. provides: (1) When any customer requests a motor vehicle repair shop to perform repair work on a motor vehicle, the cost of which repair work will exceed $50 to the customer, the shop shall prepare a written repair estimate, which is a form setting forth the estimated cost of repair work, including diagnostic work, before effecting any diagnostic work or repair.
[4] The $50 is that minimum in the statute which does not require a written estimate. § 559.905(1), (2).
[5] Section 559.923(1) reads as follows: "(1) Any customer injured by a violation of ss. 559.901-559.923 may bring an action in the appropriate court for relief. The prevailing party in that action may be entitled to damages plus court costs and reasonable attorney's fees. The customer may also bring an action for injunctive relief in the circuit court."