483 So.2d 503 (1986)
Nora GONZALEZ, Appellant,
v.
TREMONT BODY AND TOWING, INC., Appellee.
No. 85-2176.
District Court of Appeal of Florida, Third District.
February 18, 1986.
*504 Gonzalez & Vidal, Coral Gables, for appellant.
Pomeroy, Betts & Miller and Valya M. Wolf, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
On the authority of the well-considered decision in Osteen v. Morris, 481 So.2d 1287 (Fla. 5th DCA 1986),[1] we reverse the judgment awarded the appellee automobile repair shop on a quantum meruit basis notwithstanding its admitted failure to conform with the written repair estimate requirements contained in section 559.905 of the Motor Vehicle Repair Act, §§ 559.901, et seq., Fla. Stat. (1983). The cause is remanded for determination of the damages sustained by the appellant customer as a result of the shop's failure to return her vehicle because of her well-justified refusal to pay, § 559.909(5);[2] see Lucas Truck Service Co. v. Hargrove, 443 So.2d 260 (Fla. 1st DCA 1983), and of the costs and attorney's fees to which, as the prevailing party, she is entitled under section 559.923(1).[3]
Reversed, remanded with directions.
NOTES
[1] Osteen was of course decided after the proceedings below.
[2] This subsection states:

It shall be unlawful for any motor vehicle repair shop to fail to return any customer's motor vehicle because the customer has refused to pay for unauthorized repairs... .
[3] This subsection states:

Any customer injured by a violation of §§ 559.901-559.923 may bring an action in the appropriate court for relief. The prevailing party in that action may be entitled to damages plus court costs and reasonable attorney's fees.