PER CURIAM.
This is a petition for writ of certiorari in which petitioner seeks review of an order by the Broward Circuit Court, acting in its appellate capacity, affirming a final and amended final judgment against petitioner for $3,531.43 in a lien action under the Florida Motor Vehicle Repair Act. We deny the petition.
Petitioner had his car, which had been damaged in an accident, brought to respondent for repair. He gave respondent two repair estimates prepared by his insurance company. Petitioner claims that he orally agreed with respondent to a price of repair below the prices indicated in the estimates. Respondent, however, contends that the agreement was for a price based on the estimates, reduced only by petitioner’s insurance policy deductible. No written estimate was prepared by petitioner, and the work was performed. The parties were then unable to agree as to the amount due.
After posting a cash bond in court, petitioner got his car back from the respondent, who sued him to recover the bond. Petitioner counterclaimed for damages for the additional auto rental bills he incurred. After a non-jury trial, the county court entered a final judgment against petitioner.
*103 Petitioner argues that the circuit court, in affirming the county court judgment, departed from the essential requirements of law in upholding a judgment which contravenes the Florida Motor Vehicle Repair Act, section 559.901-923, Florida Statutes (1985). He claims that rfespondent violated the Act by not providing an estimate, and abiding by it, in charging for the repairs. Respondent, however, successfully argued below that the written repair estimate prepared by the insurance company, which was the basis of respondent’s charge, constituted compliance with the Act. Petitioner opposes this construction of the Act, pointing out that it calls for an estimate prepared by the repair shop and does not expressly provide for use of estimates by third parties. However, petitioner cites no authority under the Act which precludes such action either.
Section 559.905, Florida Statutes (1985), requires a repair shop to prepare a written estimate prior to performing repair work which will exceed $50.00. This section defines the estimate as a form setting forth the estimated cost of repair work, and provides that the estimate may be waived in writing. Section 559.919, Florida Statutes, provides that no repair shop may refuse to return a customer’s car or enforce its lien if it has “failed to substantially comply with the provisions of ss. 559.901-559.923.”
The question then becomes whether a repair shop is entitled to recover for repairs made according to a written estimate in substantial conformance with this Act’s requirements, to which the car owner agreed, even though the estimate was prepared by a third party, namely an insurance company in this instance. Although the statutes do not speak to this situation, we see nothing which precludes it. The record supports the county court’s conclusion that there was “substantial compliance” by respondent with the requirements of this Act, and petitioner has failed to show how the circuit court departed from the essential requirements of law in affirming the judgment entered on this basis.
Both sides cite to Osteen v. Morris, 481 So.2d 1287 (Fla. 5th DCA 1986). There, the Fifth District Court of Appeal affirmed a county court decision holding that a shop was liable for failure to comply with this Act where it had performed repair work on an oral estimate only. Obviously, this is distinguishable from the case at bar where the customer presented a written estimate.
It is settled that in statutory construction, legislative intent is the polestar by which the courts must be guided, and that no literal interpretation should be given which leads to an unreasonable or ridiculous construction or purpose not designated by the legislature. State v. Miller, 468 So.2d 1051 (Fla. 4th DCA), pet. for rev. den., 479 So.2d 118 (Fla.1985); In Interest of D.F.P., 345 So.2d 811 (Fla. 4th DCA 1977). As the Osteen court pointed out, this Act was intended to protect consumers from misunderstandings arising from oral estimates of motor vehicle repairs and the legal disputes and litigation that follow the fact that repairs have been made prior to their resolution. While it is true that the respondent in this case did not prepare its own estimate, it was found by the county court that petitioner presented and accepted the written estimate by the insurance company, and made a contract for repairs with respondent based thereon. While the estimate by that third party may not have contained every single element set. forth in the statute for cases where a shop prepares the estimate, there was evidence presented that petitioner accepted the terms of the estimate. To literally apply the language of the Act and conclude that since it does not expressly contemplate third party estimates they are invalid would seem to violate the basic rules of statutory construction.
CERTIORARI DENIED.
ANSTEAD, LETTS and GLICKSTEIN, JJ., concur.