## KAHL v MARLIN IMPORTS, INC.
### Case No. 87-18580 CB
Seventeenth Judicial Circuit, Broward County

November 16, 1988

## OPINION OF THE COURT

BARBARA BRIDGE, Circuit Judge.

This is an appeal by Malcolm H. Kahl ("Kahl") from a final summary judgment in favor of Appellee, Marlin Imports, Inc. ("Marlin Imports"). Based upon the record, having reviewed the briefs submitted by the parties and having heard the argument of counsel, I hereby reverse the final judgment in favor of Marlin Imports, render final judgment in favor of Kahl and remand this matter back to the county court which shall award Kahl his reasonable attorneys fees and costs incurred in this matter.

Marlin Imports has attempted to recover money for repair work done on Kahl's motor vehicle. The issue in this matter was whether or not Appellee, Marlin Imports, complied with *FS* § 559.901 (et seq., Florida Motor Vehicle Repair Act). *FS* § 558.905, provides in pertinent part that:

1. When any customer requests that a motor vehicle repair shop perform work on a motor vehicle, the cost of which repair work will exceed Fifty ($50.00) Dollars to the customer, the shop shall prepare a written repair estimate, which form shall set forth that the estimated cost of repair work, including diagnostic work, before effectuating any diagnostic work or repair . . .

2. If the cost of repair work will exceed Fifty ($50.00) Dollars, the shop shall present to the customer a written notice conspicuously disclosing, in separate, block sections only the following statement, in capital letters of at least 12-point type:

PLEASE READ CAREFULLY, CHECK ONE OF THE STATEMENTS BELOW AND SIGN:

I UNDERSTAND THAT, UNDER STATE LAW, I AM ENTITLED TO A WRITTEN ESTIMATE IF MY FINAL BILL WILL EXCEED $50.00.

_____ I REQUEST A WRITTEN ESTIMATE.

_____ I DO NOT REQUEST A WRITTEN ESTIMATE AS LONG AS THE REPAIR COSTS DO NOT EXCEED $____. THE SHOP MAY NOT EXCEED THIS AMOUNT WITHOUT MY WRITTEN OR ORAL APPROVAL.

_____ I DO NOT REQUEST A WRITTEN ESTIMATE.

SIGNED _____ DATED _____

The customer, Kahl, can waive in writing the right to a written estimate. *FS* § 559.905(3). In the case at bar, the record evidence is uncontroverted that Appellee, Marlin Imports, failed to present Kahl with a written disclosure statement and failed to obtain Kahl's written waiver.

The Florida Motor Vehicle Act does provide an exception to the requirements of a written repair estimate or written waiver of the written repair estimate. *FS* § 559.905(5), provides in pertinent part:

If the customer leaves his motor vehicle at a motor vehicle repair shop during hours when the shop is not open, or if the customer permits the shop or another person to deliver the motor vehicle to the shop, this shall be an implied partial waiver of the written estimate. . . .

Appellees', Marlin Imports, apparent reliance upon the exception provided in FS § 559.905(5) is misplaced. It is undisputed and uncontroverted by the record evidence that Kahl arrived at Marlin Imports with the tow truck and his car. (R. 46-47 Affidavit of Malcolm Kahl;

R. 104-104, excerpt of deposition of Joseph Schiano). Since Kahl arrived with his car at Appellee's repair shop and had discussions with their service manager at that time, the exception enunciated in FS § 559.905(5) is not applicable. To accept Marlin Imports position that since Kahl's car was towed to the shop by Triple AAA the exception applies, although it is undisputed that Kahl arrived with his vehicle, would circumvent the consumer protection contemplated by the Florida Motor Vehicle Repair Act.

Since Marlin Import has failed to comply with the Florida Motor Vehicle Repair Act, they are precluded as a matter of law from recovering any money in excess of Fifty ($50.00) Dollars. Further, Marlin Imports is not entitled to recover the costs of the repairs under quantum meruit or any other equitable or legal theory since to provide for such would circumvent the dictates of the Florida Motor Vehicle Repair Act. *Osteen v Morris,* 481 So.2d 1287 (5th DCA 1986); *Gonzalez v Tremont Body & Towing, Inc.,* 483 So.2d 503 (3d DCA 1986). Therefore, the court below erred as a matter of law in granting Appellee's motion for summary judgment and in denying Appellant's motion for summary judgment.

For the reasons stated herein, I hereby reverse the final judgment in favor of Marlin Imports including the cost and attorneys' fee judgment, render final judgment in favor of Appellant, Malcolm H. Kahl against Appellee Marlin Imports, Inc. in the amount of Two Thousand Nine Hundred Twenty Nine and 77/100 ($2,929.77) Dollars which represents the cash bond previously deposited into the court by Appellant and withdrawn by Appellee, minus Fifty ($50.00) dollars, award Appellant its reasonable attorneys' fees and costs incurred, and further hereby remand this cause to the county court which shall assess and impose attorneys' fees in favor of Appellant against Appellee as the prevailing party and award Appellant interest and costs. The supersedeas bond filed by Appellant with respect to the costs and attorneys' fee judgment rendered in favor of Appellee is hereby discharged forthwith and all sureties are hereby discharged and relieved from any further obligation.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida this 16th day of November, 1988.