## McDONOUGH v ALL CAR SHOP
### Case No. 87-2517 (County Court Case Nos. SP87-550 and SP87-642)

Ninth Judicial Circuit, Osceola County

May 22, 1989

### APPEARANCES OF COUNSEL

**Edward R. Gay,** for appellant.

**William H. Muntzing,** for appellee.

### OPINION OF THE COURT

LAWRENCE R. KIRKWOOD, Circuit Judge.

The issue is whether the trial court erred in denying a Motion to Dismiss, and finding that there was an implied, partial waiver of a written estimate requirement pursuant to Florida Statutes 559.905(5). Defendant, SAM McDONOUGH, has appealed a Final Judgment, in favor of Plaintiff, ALL CAR SHOP, entered November 6, 1987, for motor vehicle repairs. The motor vehicle shop failed to provide a written estimate to the customer and a written waiver was not made, in accordance with Florida Statutes 559.905.

The Defendant allowed another person to deliver the motor vehicle to Plaintiff and the Defendant was present "right after the two or shortly after the vehicle arrived." Face to face contact between the customer and the motor vehicle repair shop, was clearly present. The statutory exception, Florida Statutes 559.905(5) applies when face to face contact is not available. It is clear to this Court that based on the record provided, "right after the tow or shortly after the vehicle arrived" negates the application of the exception in Florida Statutes 558.905(5).

The Florida Motor Vehicle Repair Act must be strictly construed against the repair shop which does not fully comply with its terms. *Reagan v Luke Bolton Ford, Inc.,* 12 Fla.Supp. 2d 158 (Broward Cty. Ct. 1985). In, *Kahl v Marlin Import, Inc.,* 31 Fla.Supp. 2d 121 (17th C.C.App. 1988), the customer arrived at the motor vehicle repair shop with the tow truck and the exception did not apply.

This case is reversed, since **ALL CAR SHOP** failed to comply with the Florida Motor Vehicle Repair Act, and is precluded, as a matter of law, from recovering in excess of fifty ($50.00) dollars. The lower court shall determine the amount of Defendant's costs and attorney fees that he is entitled to pursuant to Statute 559.923(1). *Osteen v Morse,* 481 So.2d 1287 (Fla. 5DCA 1986).

REVERSED AND REMANDED, with instructions.