BRESCHER, GEORGE A., Associate Judge.
The appellant, KT’s Kar Kare, Inc. (KT), appeals an adverse judgment for damages based upon a violation of Chapter 559 of the Florida Statutes (Florida Motor Vehicle Repair Act).
The basic facts in this case are that KT sold the appellee, Laing, a used Jaguar automobile which subsequently required the installation of a replacement engine. The parties agreed that the twelve cylinder Jaguar engine would be replaced with a Chevrolet Corvette engine. KT sent Laing a handwritten estimate which quoted a price of $3,994.60 as representing the amount that it would charge Laing for the engine conversion kit and the labor involved to install the engine. This estimate also stated that Laing would be responsible for obtaining an engine and all other parts necessary for the conversion other than for the conversion kit itself and labor. Laing sent the money and thereafter a representative of KT came from Texas to Palm *326 Beach County, Florida and completed the engine conversion. Laing purchased an engine and all of the other necessary additional parts from a local Chevrolet dealer and the total amount of monies paid by Laing to accomplish the engine conversion was $8,841.35, of which $3,994.60 was paid to KT.
Laing filed suit alleging among other things a violation of Chapter 559 of the Florida Statutes known as the Florida Motor Vehicle Repair Act. The trial court found that KT had in fact violated Chapter 559 by failing to provide a written estimate, by failing to provide an opportunity to Laing to waive the written estimate, and by failing to make reference on the estimate that the costs would exceed any estimates. The trial court awarded damages to Laing in the amount of $10,918.31 which represented the costs to Laing of the repair and prejudgment interest. Various other claims put forth by Laing were denied. KT appeals and Laing cross-appeals.
Various issues have been raised in the appeal, including long-arm jurisdiction over KT and whether or not KT is in fact a motor vehicle repair shop as contemplated in the Florida Motor Vehicle Repair Act. However, we find that a more elemental issue is dispositive of this case. KT provided Laing with a handwritten note that stated what would be done, how much it would cost, and what would not be done. Specifically, KT would charge $3,994.60 for the conversion kit and for the labor to install the engine. Laing would have to provide for a location where the conversion could be completed and would be responsible for obtaining the engine and other necessary parts. Laing agreed to the terms in the handwritten note and both parties went on thereafter to fulfill their obligations under this agreement.
We find that under these circumstances KT’s handwritten note does substantially comply with the requirement for a written estimate, and that therefore there has been no violation of Chapter 559 of the Florida Statutes. Based upon the foregoing we need not consider the other matters raised by the appellant, and we find that the issues raised by the cross-appeal are without merit.
The judgment of the trial court is reversed with directions to enter judgment in favor of the appellant KT’s Kar Kare, Inc.
STONE, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.