942 So.2d 1021 (2006)
STATE of Florida, Appellant,
v.
Donovan GORDON and Donna Gordon, Appellees.
No. 4D05-4838.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellant.
Christopher W. Pole, Fort Lauderdale, for appellees.
HAZOURI, J.
Appellees, Donovan and Donna Gordon, were charged by information with grand theft after allegedly removing their vehicle from the possession of an auto body shop without paying for repairs that had been made on the vehicle. Appellees filed a motion to dismiss the information filed against them on the grounds that "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant[s]" pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). They alleged that the body shop had not complied with the provisions of section 559.905, Florida Statutes (2005), which requires an automobile repair shop to supply a written repair estimate to the customer which contains certain information as provided in the statute.
Appellant, the State of Florida, filed its traverse to the motion as provided in Florida Rule of Criminal Procedure 3.190(d) in which it denied certain facts asserted by appellees in their motion and cited to Lieberman v. Collision Specialists, Inc., 526 So.2d 102 (Fla. 4th DCA 1987). In Lieberman, *1022 this court held that if there is substantial compliance with the requirements of section 559.905, a debt is incurred.
We find that the traverse raised evidence of substantial compliance and therefore material disputed facts. We reverse the trial court's order of dismissal and remand to reinstate the charges against appellees.
Reversed and Remanded.
STONE and SHAHOOD, JJ., concur.