# Third District Court of Appeal

## State of Florida

Opinion filed August 22, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2336
Lower Tribunal No. 14-11996
_____


**Safari Tours, Inc.,**
Appellant,

vs.

**Juan E. Pasco, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Lorenzen Law, P.A., and Dirk Lorenzen, for appellant.

Richard Lorenzo, for appellees.

Before ROTHENBERG, C.J., and SUAREZ and SCALES, JJ.


SCALES, J.

Appellant, plaintiff and counter-defendant below, Safari Tours, Inc.

("Safari"), appeals the trial court's denial of Safari's post-trial motions directed

toward a jury verdict and the resulting final judgment that awarded appellees, defendants and counter-plaintiffs below, Juan E. Pasco, Louis Pasco, Phoenix Automotive, Inc. and Phoenix Automotive Services, Inc. (collectively, "Phoenix") the amount of $50,375 in damages on Phoenix's counterclaim. We reverse only the portion of the final judgment that awarded Phoenix $27,375 in storage fees because Phoenix's repair estimate failed to substantially comply with section 559.905(1)(n) of Florida's Motor Vehicle Repair Act. We otherwise affirm the final judgment.

## I.    Relevant Facts and Procedural Background

After Safari's tour bus was damaged in a collision, Safari took the bus to Phoenix's repair shop to have the bus repaired. Phoenix provided Safari with a written repair estimate, which estimated the cost to repair the damage at $25,173.47. Phoenix's written repair estimate, however, did not inform Safari that there would be any daily charge for storing the bus after Phoenix had notified Safari that the repairs had been completed.

A dispute between the parties arose as to payment for the repairs Phoenix had performed, and Safari ultimately sued Phoenix for the return of the bus. In its three-count counterclaim against Safari, Phoenix sought $18,000 in uncompensated repair costs, an unspecified amount for storage fees, and non-economic damages for a tort claim. The jury returned a verdict for Phoenix on

2

Safari's claims and, on Phoenix's counterclaims against Safari, awarded Phoenix the $18,000 Phoenix had sought for repair costs, $5,000 on its tort claim, and $27,375 for storage fees. The jury's verdict form contains a handwritten notation that the storage fees were calculated by awarding Phoenix twenty-five dollars per day for three years of storage.[1]

Safari did not (and does not) challenge the $18,000 awarded by the jury for repair costs, but challenged the verdict on the tort claim and storage fees by filing post-trial motions seeking a judgment notwithstanding the verdict, a rehearing, a new trial and a remittitur. In unelaborated orders, the trial court denied all of Safari's post-trial motions, and entered the final judgment on appeal.[2]

## II. Analysis

We affirm the trial court's rulings on all of Safari's post-trial motions, except for its denial of Safari's motions directed toward the storage fees. A motor vehicle repair shop, such as Phoenix, may not collect fees due from a customer

---

[1] While there is no transcript of the trial, the record reflects that the jury did ask a question during the trial as to how to calculate the storage fees sought by Phoenix. The trial judge responded to the jury's note by telling the jury to rely on the evidence presented.

[2] The final judgment authorizes Phoenix to retain possession of the bus until judgment is paid. While Safari also challenges this portion of the judgment, we do not reach this issue as it is moot because Phoenix auctioned off the bus. Antar v. Seamiles LLC, 960 So. 2d 802, 803 (Fla. 3d DCA 2017) ("A case is 'moot' when it presents no actual controversy or when the issues have ceased to exist." (quoting Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992))).

if the repair shop does not substantially comply with the written repair estimate provisions of section 559.905(1). See Osteen v. Morris, 481 So. 2d 1287, 1289-90 (Fla. 5th DCA 1986). Section 559.905(1)(n) plainly and unambiguously provides that all written repair estimates must contain "[a] statement indicating the daily charge for storing the customer's motor vehicle after the customer has been notified that the repair work has been completed." It is undisputed that Phoenix's repair estimate reads, in relevant part: "A storage fee of $_____ per day may be applied to vehicles which are not claimed within 3 working days of notification of completion."

By leaving the form's line blank, Phoenix failed to comply with section 559.905(1)(n), and therefore, may not collect from Safari the storage fees associated with the bus repair. See Osteen, 481 So. 2d at 1289-90. The trial court erred by denying Safari's post-trial motions in this regard, and by including the storage fees in the final judgment.

While not entirely clear, Phoenix seems to argue that, notwithstanding the repair estimate's failure to inform Safari of storage fees, Phoenix should nevertheless prevail on this issue because Safari failed to provide this Court with a copy of the trial transcript which, presumably, *could* establish that Phoenix otherwise substantially complied with section 559.905(1)(n). The record before this Court, however, contains all written exhibits introduced at trial, none of which

4

evidence compliance, substantial or otherwise, with the requirement. Indeed, those cases relied upon by Phoenix allowing a repair shop to recover based on "substantial compliance" with the statute's requisites all involve written repair estimates of which the vehicle owner had knowledge. See, e.g., Siam Motors, Inc. v. Spivey, 136 So. 3d 692, 694 (Fla. 2d DCA 2014) (holding that when repair shop provides proper written estimate, oral authorization for additional repair work does not violate statute); KT's Kar Kare, Inc. v. Laing, 617 So. 2d 325, 326 (Fla. 4th DCA 1993) (holding that handwritten estimate substantially complied with requirements of section 559.905 where both parties agreed to it); Lieberman v. Collision Specialists, Inc., 526 So. 2d 102, 103 (Fla. 4th DCA 1987) (holding that repair shop was entitled to payment where substantially conforming written estimate was prepared by the vehicle owner's insurance company). Phoenix has not cited to us any authority that purely oral communications – possibly reflected in a trial transcript – may constitute "substantial compliance" with the statute's requirement that the repair estimate notify the customer in writing of a repair shop's storage fees. Indeed, Phoenix does not argue, or even suggest, that it otherwise complied with the statute's requirement.[3]

---

[3] That we have a record containing all evidence and exhibits proffered by the parties and considered by the jury (albeit with no trial transcript) distinguishes this case from Perez-Priego v. Bayside Carburetor and Ignition Corp., 633 So. 2d 1190 (Fla. 5th DCA 1994). In Perez-Priego, the petitioner sought second-tier certiorari review from the district court after the circuit court appellate division affirmed a county court verdict in favor of a repair shop alleged to have performed repairs

5

## III. Conclusion

We reverse the portion of the final judgment that included $27,375 in storage fees and remand to the trial court to enter a revised judgment for Phoenix consistent with this opinion.

Affirmed in part; reversed in part and remanded.

---

without submitting a written estimate to the customer. Id. at 1191. Because there was *no* record of the trial, our sister court was unable to conclude that the appellate division had departed from the essential requirements of law. Id.