DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FGAP INVESTMENT CORP.,**
Appellant,

v.

**A1 BODY AND GLASS OF CORAL SPRINGS, LLC** and **PABLO HENAO,**
Appellees.

No. 4D21-320

[August 4, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Louis H. Schiff, Judge; L.T. Case Nos. CONO19-9673 and CACE20-8935.

Spencer B. Siegel of Siegel & Siegel, P.A., Boca Raton, for appellant.

Jan Michael Morris, Boca Raton, for appellee A1 Body and Glass of Coral Springs, LLC.

GROSS, J.

FGAP Investment Corp. appeals a summary final judgment entered in favor of A1 Body and Glass of Coral Springs, LLC, an automobile body shop. We reverse, because there were genuine issues of material fact concerning the body shop's compliance with the Florida Motor Vehicle Repair Act that precluded summary judgment.

Pablo Henao owned a 2015 Mercedes Benz E350. FGAP financed his purchase of the car. After an accident, Henao delivered the car to the body shop for repairs in April 2019.

Henao signed several forms when he dropped off the car, including: (1) a direction-to-pay form authorizing an insurance company to pay the body shop on his behalf for the repairs; and (2) an authorization form, which authorized the body shop "to perform and complete the repairs." In the authorization form, Henao specifically requested a written estimate.

Upon completion of the repairs, the body shop issued an invoice, which indicated that the insurance company had paid for all of the repairs except

for an insurance deductible of $1,000. Henao did not object to the invoice but failed to pick up the vehicle.

The body shop delivered notice to both Henao and FGAP of its claim of lien and public sale pursuant to section 713.585, Florida Statutes (2019). The notice provided that the Mercedes could be redeemed with a payment of $3,565, which included the $1,000 deductible, $1,890 for storage of the car, and $675 for the cost of lien publication and sale.

FGAP posted a $3,565 cash bond with the clerk of the court. The clerk issued a certificate notifying the body shop that FGAP had posted a cash bond pursuant to section 559.917, Florida Statutes. The clerk also directed the body shop to release the car to FGAP.

The body shop filed a statement of claim against Henao and FGAP in small claims court to recover the cash bond pursuant to section 559.917(1)(b), Florida Statutes (2019).

At the pretrial conference, the county court entered a default judgment against Henao, who failed to appear. FGAP filed an answer and affirmative defenses. One of the defenses was that the body shop failed to comply with the requirement to provide a written estimate to Henao.

The body shop moved to strike the affirmative defenses, arguing, among other things, that a lienholder like FGAP did not have standing to raise the defenses. The county court granted the motion to strike with leave to amend.

In an amended answer and affirmative defenses, FGAP asserted that it had standing as a lienholder pursuant to section 713.585(5) to raise violations of Part IX of Chapter 559, Florida Statutes, and to challenge the body shop's compliance with lien procedure.

The body shop moved for summary final judgment, challenging FGAP's standing to raise its noncompliance with Chapter 559.

The county court granted the motion for summary final judgment and directed the clerk to release the cash bond to the body shop.

### There Were Disputed Fact Issues as to Body Shop's Compliance with the Florida Motor Vehicle Repair Act, So Summary Judgment Was Inappropriate

Sections 559.901-559.9221, Florida Statutes, is the Florida Motor Vehicle Repair Act (the "Act"). § 559.901, Fla. Stat. (2019). Section 559.919 of the Act provides that a repair shop may not enforce a lien on a motor vehicle if "it has failed to substantially comply with the provisions of" the Act. § 559.919, Fla. Stat. (2019).

A motor vehicle repair shop is required by section 559.905 to provide a customer with a written estimate if the repair work will exceed $100. § 559.905(1), Fla. Stat. (2019). "If the cost of repair work will exceed $100," the statute requires there to be a mandatory notice, in large block type, advising the customer of his or her entitlement to a written estimate. § 559.905(2), Fla. Stat. (2019).

On the authorization form in this case, Henao selected the option to "request a written estimate." In the statement of claim, the body shop did not allege that it provided a written estimate, nor does any written estimate appear in the record. The cost of repair in this case far exceeded $100, so the body shop was required to prepare a written estimate. § 559.905(1), Fla. Stat. (2019).

Where a motor vehicle repair shop fails to substantially comply with the provisions of the Act, it may not enforce a lien to secure payment or proceed under a theory of implied contract. § 559.919, Fla. Stat. (2019); *Osteen v. Morris*, 481 So. 2d 1287, 1289–90 (Fla. 5th DCA 1986) (holding that the repair shop violated the Florida Motor Vehicle Repair Act when it failed to provide the customer with a written estimate or obtain a signed waiver from the customer, and that the trial court did not err when it denied the repair shop's claim of quantum meruit); *Gonzalez v. Tremont Body & Towing, Inc.,* 483 So. 2d 503, 504 (Fla. 3d DCA 1986) (reversing a quantum meruit award when the repair shop failed to provide a written repair estimate pursuant to section 559.905).

Summary judgment was not appropriate because there were genuine issues of material fact as to whether the body shop had substantially complied with the Act. *See* Fla. Sm. Cl. R. 7.135 (authorizing court to "summarily enter an appropriate order or judgment" if there is "no triable issue").

### *In the Section 559.917 Bond Proceeding, FGAP Had Standing to Defensively Raise the Body Shop's Compliance with the Act*

To collect the remainder of the bill and storage charges, the body shop commenced a motor vehicle lien proceeding governed by section 713.585, Florida Statutes (2019). Subsection 713.585(5) provides that, at any time

before a sale, "any person claiming an interest in the vehicle or a lien thereon, may post a bond following the procedures outlined in s. 559.917." FGAP held a lien on the Mercedes. As a lienholder, FGAP had standing to "allege any violation of part IX of chapter 559 in a proceeding instituted pursuant to this subsection." § 713.585(5), Fla. Stat. (2019).

FGAP took advantage of this section and posted a bond pursuant to section 559.917, Florida Statutes (2019). Once a bond has been posted, a motor vehicle repair shop has "60 days to file suit to recover the bond." § 559.917(1)(b), Fla. Stat. (2019).

The body shop filed suit against the bond. In that proceeding, under subsection 713.585(5), FGAP had standing to defensively raise the body shop's violation of the Act.[1]

We reverse the summary final judgment and remand to the county court for further proceedings consistent with this opinion, including the entry of an order in compliance with section 713.585(7), Fla. Stat. (2019).

*Reversed and remanded with instructions.*

CONNER, C.J., and WARNER, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Recognizing that "[s]ome repair shops and towing-storage operators exploit[ed] existing lien law to wrest away vehicle finance and leasing companies' security or ownership interest in vehicles upon which liens ha[d] been placed," Fla. H.R. Comm. on Judiciary, CS/CS/CS/HB 431 (2019) Final Staff Analysis 1 (June 10, 2019), the Florida Legislature in 2019 amended section 559.917 to align the lienholders' rights and protections under the Act with the plain language of section 713.585(5), Florida Statutes. The amended section 559.917 became effective January 1, 2020. It provides that "a person of record claiming a lien against a motor vehicle may obtain the release of the motor vehicle from any lien claimed under part II of chapter 713 by a motor vehicle repair shop" by filing a bond with the clerk. § 559.917(1)(a), Fla. Stat. (2020). This amendment thus clarified a lienholder's rights that were obvious in section 713.585(5). *See McKenzie Check Advance of Fla., LLC v. Betts*, 928 So. 2d 1204, 1210 (Fla. 2006) ("Sometimes it may be appropriate to consider a subsequent amendment to clarify original legislative intent of a statute if such amendment was enacted soon after a controversy regarding the statute's interpretation arose.").