# Third District Court of Appeal

## State of Florida

Opinion filed June 8, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1385
Lower Tribunal No. 19-27900
_____

**Doral Collision Center, Inc.,**
Appellant,

vs.

**Daimler Trust, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Varca Law, PLLC, and Christopher A. Varca (Deerfield Beach), for appellant.

Wilson Law Firm South Florida, P.A., and Paul E. Wilson (Plantation), for appellees.

Before GORDO, LOBREE and BOKOR, JJ.

GORDO, J.

Doral Collision Center, Inc. appeals a trial court order granting Daimler Trust and Daimler Title Co.'s ("Daimler") motion for summary judgment. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because Daimler was entitled to summary judgment as a matter of law, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2018, Doral entered into a written, contractual agreement with Jesus Leon and Kazuki Sushi Bar LLC, for the repair of a 2016 Mercedes-Benz GLE 450 at an estimated cost of $44,388.93.

In June 2019, Doral hired Federal Lien Corporation to prepare a notice of claim of lien and notice of public sale for the repairs being performed. The notice stated: (1) the lien was subject to enforcement pursuant to section 713.585, Florida Statutes; (2) if payment was not made, the vehicle would be sold after sixty days free of all prior liens; (3) the sixty day "time frame that the motor vehicle be held does not include the day work was completed"; (4) the sale date was July 25, 2019; (5) any person claiming an interest in or lien on the vehicle had a right to a hearing prior to the sale date by filing a demand with the clerk of court and mailing copies to all owners and lienors as reflected in the notice; and (6) "the owner of the motor vehicle has a right to recover possession of the motor vehicle without instituting judicial proceedings by posting a bond in accordance with the provisions of Florida

2

Statutes 559.917." The notice was served on Daimler Trust as the registered owner of the vehicle, Daimler Title as the lienholder and Leon and Sushi Bar via certified mail on June 7, 2019.

Doral completed repairs to the vehicle on July 22, 2019. The day after repairs were completed, Daimler Trust posted a $46,000 bond to release Doral's possessory lien on the vehicle. Doral subsequently filed a complaint against Daimler Trust, Daimler Title, Leon and Sushi Bar. Doral raised four claims: (1) enforcement of the lien pursuant to section 713.585 and section 559.917, Florida Statutes; (2) breach of contract against Leon; (3) breach of contract against Sushi Bar; and (4) unjust enrichment under the lien statute against Daimler, Leon and Sushi Bar.

Daimler filed a motion for summary judgment, arguing Doral failed to strictly comply with section 713.585's notice requirements and unjust enrichment claims are not recoverable under the Motor Vehicle Repair Act. The trial court denied the motion for summary judgment. Daimler filed a motion for reconsideration. After a hearing, the trial court entered an order granting Daimler's motion for reconsideration and motion for summary judgment finding: (1) section 713.585 required strict compliance; (2) Doral failed to strictly comply with the section 713.585(1)(f) and section 713.585(1)(j), thus rendering its repair lien unenforceable; and (3) a claim of

3

unjust enrichment cannot be pursued under the provisions of the Florida Motor Vehicle Repair Act. [1]  This appeal followed.

## STANDARD OF REVIEW

Our standard of review of a final summary judgment order is de novo.[2] Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). "The construction of a statute is an issue of law subject to de novo review." Aramark Unif. & Career Apparel, Inc. v. Easton, 894 So. 2d 20, 23 (Fla. 2004). "However, the trial court's findings of fact are presumptively correct and must stand unless clearly erroneous." DK Arena, Inc. v. EB Acquisitions I, LLC, 112 So. 3d 85, 91 (Fla. 2013).

## LEGAL ANALYSIS

### I.     Compliance with Section 713.585

"Section 713.585 sets forth the procedures that mechanics who perform 'labor or services on a motor vehicle' must follow to enforce a lien by sale of

---

[1] A transcript of the hearing was not provided.  Doral's claims against Leon and Sushi Bar remain before the trial court.

[2] The order on appeal was issued after the new summary judgment standard became effective.  See In re Amends. to Fla. R. Civ. P. 1.510, 309 So. 3d 192, 194–95 (Fla. 2020).  The trial court commendably applied the new standard by properly detailing its specific reasons for granting summary judgment.  In re Amends. to Fla. R. Civ. P. 1.510, 317 So. 3d 72, 77 (Fla. 2021) ("The court must state the reasons for its decision with enough specificity to provide useful guidance to the parties and, if necessary, to allow for appellate review.").

4

motor vehicle." Toyano's Auto Repair Servs. v. S. Auto Fin. Co., LLC, 331

So. 3d 186, 189 (Fla. 4th DCA 2021).

Section 713.585, and the relevant subsections, provide:

> A person claiming a lien under s. 713.58 for performing labor or services on a motor vehicle may enforce such lien by sale of the vehicle **in accordance with the following procedures**:
>
> (1) The lienor must give notice, by certified mail, return receipt requested, within 7 business days . . . to the registered owner of the vehicle, to the customer as indicated on the order for repair, and to all other persons claiming an interest in or lien thereon . . . . **Such notice must contain**:
> . . .
> (f) If known, the date, time and location of any proposed or scheduled sale of the vehicle. **A vehicle may not be sold earlier than 60 days after completion of the repair work.**
> . . .
> (j) Notice that a lienholder, if any**, has the right, as specified in subsection (5),** to demand a hearing or to post a bond.

(emphasis added).

It is well-settled "'that the mechanics' lien law is to be strictly construed in every particular [manner] and strict compliance is an indispensable prerequisite for a person seeking affirmative relief under the statute.'" Home Elec. of Dade Cnty., Inc. v. Gonas, 547 So. 2d 109, 110 (Fla. 1989) (quoting Palmer Elec. Servs., Inc. v. Filler, 482 So. 2d 509, 510 (Fla. 2d DCA 1986)); see also Mgmt. & Consulting, Inc. v. Tech Elec., Inc., 305 So. 3d 316, 318

5

(Fla. 3d DCA 2020) ("The statutory provisions governing mechanic's liens must be strictly complied with and construed."); Sturge v. LCS Dev. Corp., 643 So. 2d 53, 55 (Fla. 3d DCA 1994) ("A lienor must strictly comply with the statutory provisions to protect its lien."); Stronger Collision Ctr., LLC v. N. Am. Specialty Ins. Co., 2020 WL 2455602, at *2 (Fla. 11th Jud. Cir. Apr. 21, 2020) (finding section 713.585 must be strictly construed).

While "courts have permitted substantial compliance or adverse effect to be considered in determining the validity of a lien when there are specific statutory exceptions which permit their consideration," section 713.585 provides no standalone exception permitting substantial compliance generally. Stresscon v. Madiedo, 581 So. 2d 158, 160 (Fla. 1991). There is no language in the statute "permitting either substantial compliance or lack of prejudice to be considered in determining the validity of a lien." Id. The plain language of the statute specifically mandates that notice to the owner and lienholder "must contain" all information in the proceeding subsections. § 713.585(1), Fla. Stat. (2018). Considering this language, and the rule of statutory construction "that courts should not depart from the plain and unambiguous language of the statute," we find the trial court properly determined section 713.585 requires strict compliance. Dade Cnty. v. Pena, 664 So. 2d 959, 960 (Fla. 1995); see also Holly v. Auld, 450 So. 2d 217, 219

6

(Fla. 1984) ("[C]ourts of this state are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications." (quoting Am. Bankers Life Assurance Co. of Fla. v. Williams, 212 So. 2d 777, 778 (Fla. 1st DCA 1968))).

Review of the notice of lien shows Doral failed to comply with sections 713.585(1)(f) and 713.585(1)(j).  It is undisputed the repair work conducted by Doral was not completed until July 22, 2019.  The notice listed the sale date as July 25, 2019.  Section 713.585(1)(f) specifically states "[a] vehicle may not be sold earlier than [sixty] days after completion of the repair work." Doral created its lien more than a month before it completed its repair work and attempted to sell the vehicle a mere three days after the work was completed despite the requisite sixty-day time frame.  We find the trial court correctly determined Doral failed to comply with the mandates of the statute.

Doral also failed to comply with Section 713.585(1)(j)'s requirement to provide notice "that a lienholder, if any, has the right, as specified in subsection (5), to demand a hearing or to post a bond."  Doral's notice only indicated an owner could post a bond and did not state a lienholder has the right to a hearing or to post a bond pursuant to subsection (5) of the statute. Subsection (5) provides that "at any time before the proposed or scheduled

7

date of sale of a vehicle . . . any person claiming an interest in the vehicle or lien thereon, may post a bond following the procedures outlined in s. 559.917." § 713.585(5), Fla. Stat. (2018). It further states "[a] lienholder has standing to allege any violation of part IX of chapter 559 in a proceeding instituted pursuant to this subsection," and outlines how to proceed following a demand for a hearing or posting of a bond. §713.585(5)(a)-(c), Fla. Stat. (2018). Doral failed to provide Daimler notice that it had to follow the procedures outlined in section 559.917 to post a bond and notice it had standing to allege a violation of chapter 559 in any potential litigation by not referring to subsection (5). Thus, Daimler was entitled to summary judgment on this claim.

## II.    Unjust Enrichment

We also find the trial court properly ruled on Doral's claim for unjust enrichment. A claim for unjust enrichment is often referred to as a quasi-contract, or a contract implied in law. See Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc., 695 So. 2d 383, 386 (Fla. 4th DCA 1997) ("To describe the cause of action encompassed by a contract implied in law, Florida courts have synonymously used a number of different terms—'quasi contract,' 'unjust enrichment,' 'restitution,' 'constructive contract,' and 'quantum meruit.'") (citations omitted). A quasi-contract is a legal fiction

8

"adopted to provide a remedy where one party was unjustly enriched, [or] where that party received a benefit under circumstances that made it unjust to retain it without giving compensation." Com. P'ship, 695 So. 2d at 386. While courts state unjust enrichment is equitable in nature, "[t]he use of the term 'equitable' in reference to an unjust enrichment claim denotes fairness and does not mandate that unjust enrichment be construed as seeking only an equitable, as opposed to a legal, remedy." Duty Free World, Inc. v. Miami Perfume Junction, Inc., 253 So. 3d 689, 694 (Fla. 3d DCA 2018).

"'The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff.'" Duty Free World, 253 So. 3d at 693 (quoting Agritrade, LP v. Quercia, 253 So. 3d 28, 33 (Fla. 3d DCA 2017)). Here, Doral raises a claim for unjust enrichment under the lien statute.

A party, however, cannot use this type of claim to circumvent the specific requirements of a statute. See Osteen v. Morris, 481 So. 2d 1287, 1290 (Fla. 5th DCA 1986). The court in Osteen held the Motor Vehicle Repair Act, a consumer protection statute, had to be construed as a limitation

9

on the common law principle of quantum meruit because recognition of the principle under the circumstances "would necessarily circumvent the very dictates of the statute by enabling a motor vehicle repair shop to ignore the statutory requirements." Id. The court acknowledged the outcome was unfair to the repair shop but noted its decision was necessary to carry out the intent of the legislature that enacted the statute. Id.

Doral's attempt to distinguish Osteen by stating it provided a written estimate to Leon and Sushi Bar is irrelevant.[3] The reasoning in Osteen is applicable because unjust enrichment and quantum meruit are both quasi-contractual claims and their elements for a cause of action are almost identical. See F.H. Paschen, S.N. Nielsen & Assocs. LLC v. B&B Site Dev., Inc., 311 So. 3d 39, 48 (Fla. 4th DCA 2021). The distinction is that a claim for unjust enrichment does not require a finding that there was an agreement between the parties. Id. Whether an agreement existed between Doral and Daimler has no impact on the application of Osteen to the Motor Vehicle Repair Act in this case. Like in Osteen, permitting Doral to pursue its claim for unjust enrichment against Daimler would allow Doral to circumvent the requirements of the statute.

---

[3] This was Doral's sole argument against the trial court's unjust enrichment determination on appeal.

Further, it is well settled that a plaintiff "cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists." Fulton v. Brancato, 189 So. 3d 967, 969 (Fla. 4th DCA 2016) (quoting Ocean Commc'ns, Inc. v. Bubeck, 956 So. 2d 1222, 1225 (Fla. 4th DCA 2007)); see also Real Estate Value Co. v. Carnival Corp., 92 So. 3d 255, 263 n.2 (Fla. 3d DCA 2012) ("We acknowledge the well settled principle that 'the law will not imply a contract where an express contract exists concerning the same subject matter.'" (quoting Kovtan v. Frederiksen, 449 So. 2d 1, 1 (Fla. 2d DCA 1984))). Further, "[t]he existence of a valid legal remedy against one party will bar recovery in equity against another party." H. Hugh McConnell, *Distinguishing Quantum Merit and Unjust Enrichment in the Construction Setting*, MARCH 1997 FLA. B.J., at 88–89; see also Miracle Ctr. Dev. Corp. v. M.A.D. Const., Inc., 662 So. 2d 1288, 1290 (Fla. 3d DCA 1995) (noting one party cannot seek "to enforce a contract against the other while asking the court to simultaneously award damages in equity as if no contract existed"); Abdullatif Jameel Hosp. v. Integrity Life Scis., LLC, 2016 WL 9526457, at *3 (M.D. Fla. Sept. 23, 2016) ("[A plaintiff] may not receive recovery under both a breach of contract theory and unjust enrichment for damages stemming from the same underlying facts."). Here, it is clear from the record that an

11

express contract for repair of the vehicle exists. Doral is pursuing claims for breach of contract against both Leon and Sushi Bar based on that contract and those claims remain before the trial court. Therefore, the trial court properly determined Daimler was entitled to summary judgment.

Affirmed.