DADE COUNTY, FLORIDA, Appellant,

v.

PALMER AND BAKER ENGINEERS, INC., Appellee.

PALMER AND BAKER ENGINEERS, INC., Appellant,

v.

DADE COUNTY, FLORIDA, Appellee.

No. 21228.

United States Court of Appeals
Fifth Circuit.

Dec. 8, 1964.

Rehearing Denied Jan. 26, 1965.

Stuart L. Simon, Darrey A. Davis, Thomas C. Britton, County Atty., Miami, Fla., for appellant-appellee.

Phillip Schiff, Dubbin, Schiff, Berkman & Dubbin, Miami, Fla., for appellee-appellant.

Before JONES and BELL, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

Subsequent to our previous decision (5 Cir., 318 F.2d 18), the Court below held a further hearing as a result of which it entered a decree awarding plaintiff (Palmer and Baker Engineers, Inc.) damages. The contract was discussed in detail when the case was here before. We affirmed the finding that defendant breached it. We remanded and instructed the trial court to consider what amount, if any, plaintiff was entitled to recover. The legal principles to be applied seem quite plain and were clearly enunciated.

On remand, plaintiff took the position that it was entitled to the reasonable and necessary expenses incurred in good faith in partial performance, plus anticipated profits which it would have earned in completing the project. The trial court denied plaintiff's claim for anticipated profits, saying "any award of damages based on loss of profits would be extremely speculative and must be denied." The record emphatically supports this conclusion.

The district court granted judgment in the amount of $241,626, plus interest. This award was not made on the basis of a "re-writing of the contract," but was the sum total of the reasonable and necessary expenses incurred in good faith by plaintiff in partial performance. This award is precisely proper under our former decision, but defendant argues "full performance by the plaintiff would have resulted in a net loss to the plaintiff, and therefore there should be no recovery whatsoever." The burden is on defendant to prove that full performance would have resulted in a net loss. De-

fendant has totally failed to carry such a burden.

This record convincingly demonstrates that without a "crystal ball" it was impossible (in the posture of the project at the time of the breach) for anyone to do anything but speculate as to whether or not there would have been a profit and as to whether or not there would have even been a completed contract.

The judgment of the district court was correct. It is affirmed.