267 So.2d 853 (1972)
BEEFY TRAIL, INC., Appellant,
v.
BEEFY KING International, Inc., Appellee.
No. 70-883.
District Court of Appeal of Florida, Fourth District.
October 18, 1972.
Rehearing Denied November 14, 1972.
*855 Robert Dyer, of van den Berg, Gay, Burke & Dyer, Orlando, for appellant.
Lloyd Herold, North Palm Beach, for appellee.
MAGER, Judge.
This is an appeal by Beefy Trail, Inc., plaintiff, from a final judgment directing a verdict in favor of Beefy King, defendant, and dismissing the cause. Plaintiff purchased a Beefy King franchise from defendant and by his complaint below seeks to recover the purchase price of the franchise, organizational expenses and the cost of equipment to operate such franchise as damages resulting from defendant's alleged material breach of the franchise agreement.[1]
The franchise contract was for the term of fifteen years with an option to extend it another five years. Plaintiff operated under the franchise for approximately one year.[2] Plaintiff offered evidence as to the amount paid for the franchise, the amount paid for the equipment, the current value of the equipment and the expenses incurred for organizational purposes. Plaintiff also offered evidence and testimony as to the nature of defendant's alleged material breach of the franchise agreement.
The record reflects that the trial court directed its verdict on the basis of plaintiff's failure to introduce any evidence to show diminution in value of the franchise resulting from defendant's alleged breaches. No evidence was introduced by the plaintiff as to any loss of profits resulting from such breach.
Plaintiff contends that his damages can be measured by the amount paid the defendant for the franchise and the equipment and the amount expended for organizational purposes. Plaintiff contends that expenditures made prior to breach by way of preparation and part performance can be recovered as an alternative measure of damages *856 to lost profits or diminution in value resulting from the breach.
The judicial remedies available against one who has committed a breach of contract are damages, restitution and specific performance. We are not concerned with the last mentioned remedy.
If a party seeks the remedy of damages two alternative methods for determining recovery are available: (1) he may prove the gains he would have made had the defendant performed in full as the contract required subtracting therefrom the costs of the operations necessary to realize those gains, i.e., the injured party may seek lost profits and in such case the interest he seeks to protect is his "expectation interest"; (2) he may omit an attempt to show lost profits and prove instead his actual expenditures made before the repudiation or nonperformance by the defendant insofar as those expenditures were reasonably to have been forseen, i.e., expenditures made in preparation for performance or in part performance and in such case the interest the plaintiff seeks to protect is his "reliance interest". Ballard v. Krause, Fla. App. 1971, 248 So.2d 233; Corbin on Contracts, Vol. 5, § 1031; 22 Am.Jur.2d, Damages, § 46; In re Yeager Co., N.D. Ohio E.D. 1963, 227 F. Supp. 92. These latter expenditures are generally an outlay caused by the making of the contract; it is the amount that a nondefaulting party has been induced to expend on the faith of the contract usually conferring no benefit upon either the defaulting or nondefaulting parties. See In re Yeager, supra. A nondefaulting party may be willing to forego recovery of his "expectation interest" and instead seek only to recover his "reliance interest". The courts, therefore, allow recovery of preparation and part performance expenditures as an alternate measure of damages if this is what the non-defaulting party seeks, i.e., the party may recover these expenditures without also seeking his expected net profits. 22 Am.Jur.2d, Damages, § 161; Corbin, supra, § 1031. See also, Poinsettia Dairy Products, Inc. v. Wessel Company, 1936, 123 Fla. 120, 166 So. 306. The basic reason for such allowance is that profits may be too speculative to form a part of any damage award:
"In this type of situation  where expenses were incurred in reliance on the contract and are valueless to the non-defaulting party  courts award reliance expenses if those expenses were foreseeable by the defaulting party at the time the contract was entered into. Had the defaulting party performed, the plaintiff would have had the opportunity of realizing profits which, however, cannot be recovered as damages because of the rule against allowing speculative damages. Since the reliance expenses are not speculative, there is no reason to deny their recovery if they were foreseeable at the time the contract was entered into. Of course, if profits from the collateral transactions are recovered and if they are computed so as to cover the reliance expenses, then awarding these expenses as a further item of damages would amount to double recovery and should not be allowed."[3]
22 Am.Jur.2d, Damages, § 159, at p. 228.
In the case sub judice the plaintiff appears however to be seeking recovery on an erroneous theory. The plaintiff's complaint refers to "damages" and asserts that it is his "reliance interest" that he seeks to protect. However, from the evidence the *857 plaintiff actually is seeking to protect his "restitutionary interest", i.e., plaintiff seeks the return of monies paid to the defendant for benefits conferred upon the defendant.
There is a marked distinction between a recovery of damages and restitution. The purpose of damages is to put the injured party in as good a position as he would have occupied had the contract been fully performed. In this context the injured party is considered to be "affirming" the contract. The purpose of restitution, however, is to require the wrongdoer to restore that which he has received and thus tend to put the injured party in as good a position as he occupied before the contract was made; in this context the injured party may be said to have considered the contract as "terminated" or "ended".
In reviewing the evidence it appears that the plaintiff considers the franchise agreement terminated as a result of defendant's material breaches and, accordingly, seeks the return from the defendant of the franchise fee and cost of the equipment. This measure of recovery cannot be sustained on the basis of protection of the "reliance interest" inasmuch as these expenditures can in no sense of the term be classified as out-of-pocket expenses or expenditures conferring no benefit upon the defendant. These expenditures (franchise fee and equipment) form the basic part of the entire contractural agreement and the only apparent theory upon which such expenditures can be recovered is for the protection of the "restitutionary interest".
There is, therefore, an inconsistency between the plaintiff's pleadings and proof. The plaintiff's pleadings seek damages to protect the "reliance interest", yet his evidence reveals that he is seeking to protect his `restitutionary interest". In accordance with the intent of Rule 1.190(b), FRCP, 30 F.S.A., proof of a meritorious claim on issues not raised by the pleadings may be considered in ascertaining the merits of the action. In cases which are tried on issues not raised in the pleadings, amendment of the pleadings to conform to the evidence, in the absence of an objection by the defendants, is not imperative and such issues can be treated in all respects as if they had been raised in the pleadings. Robbins v. Grace, Fla.App. 1958, 103 So.2d 658. We may therefore consider whether evidence relating to protection of the "restitutionary interest" was of such a nature as to preclude the direction of a verdict. This determination is dependent upon the existence or nonexistence of any evidence relating to a material breach because demonstration of such a breach is a prerequisite under the restitution theory. Corbin, supra, § 1104.
To constitute a vital or material breach a defendant's nonperformance must be such as to go to the essence of the contract; it must be the type of breach that would discharge the injured party from further contractual duty on his part. Corbin, supra, § 1104. A defendant's failure to perform some minor part of his contractual duty cannot be classified as a material or vital breach. Corbin states, at § 1104, pp. 562-565:
"... The injured party, however, can not maintain an action for restitution of what he has given the defendant unless the defendant's non-performance is so material that it is held to go to the `essence'; it must be such a breach as would discharge the injured party from any further contractural duty on his own part. Such a vital breach by the defendant operates, with respect to the right of restitution, in the same way that a repudiation of the contractural obligation would operate. A minor breach by one party does not discharge the contractural duty of the other party; and the latter being still bound to perform as agreed can not be entitled to the restitution of payments already made by him or to the value of other part performances rendered."
Since the evidence reflects a form of recovery more properly founded *858 upon restitution, the question of whether the plaintiff has presented clear and convincing evidence that the alleged breaches by the defendant are vital or material is a question of fact to be resolved by the trier of fact or jury. 17A C.J.S. Contracts § 630, p. 1268. If, however, a verdict is to be directed this power must be exercised with caution. It should not be granted unless the evidence is such that under no view which the trier of fact or jury might lawfully take of the evidence favorable to the adverse party could a judgment for the adverse party be sustained.
Plaintiff offered evidence and testimony as to the nature of defendant's breach. Whether such alleged breach went to the essence of the contract so as to be considered vital and material is an issue that apparently was not considered by the trial court in the context of being "a fact proposition" or in relation to the protection of the "restitutionary interest". The trial court's directed verdict was predicated solely upon a consideration of the evidence as it related to proof of "lost profits" or "diminished value". Since we have indicated that the plaintiff was not limited to proving lost profits the trial court's directed verdict was in error. Accordingly, this cause is remanded with directions to grant a new trial.
The plaintiff should be permitted to amend his pleadings to make them conform to the evidence if protection of the "restitutionary interest" is sought. However, the plaintiff cannot seek recovery of organizational expenses made in preparation and part performance and at the same time seek a restitutionary award. Protection of the "reliance interest" and "restitutionary interest" are mutually exclusive of each other; they are alternate measures of recovery and a party must elect the theory on which to proceed and which measure of recovery will give him the desired relief. Also, if restitution is sought the plaintiff must return to the defendant any part performance of value rendered by defendant; such part performance must be allowed as a credit to the defendant as against the amount alleged owed to the plaintiff as restitution for the breach. In addition, whatever value the franchise is alleged to have can also be allowed as a credit to the defendant upon proof by the defendant as to the value of such franchise.
Reversed and remanded with directions.
CROSS, J., concurs.
OWEN, J., concurs in part, dissents in part, with opinion.
OWEN, Judge (concurring in part; dissenting in part).
I concur in the conclusion that the judgment should be reversed and appellant-plaintiff granted a new trial, but I disagree with some of the views expressed in the majority opinion.
Appellant wants to recover the amount it paid for the franchise (among other items of damage). The majority has the view that if appellant wants back that which it paid directly to appellee, i.e., the purchase price of the franchise, then appellant must seek restitution rather than damages for breach of the contract. However, appellant insists (and I agree) that the expenditure which it made for the franchise may be recovered in an action for damages even though such expenditure did confer a benefit upon the defendant appellee, and even though appellant has available the alternative remedy of restitution should appellant so elect.
It seems to me that confining proof of damages for breach of contract to a concept of loss of bargain, or as in this case, lost profits, is a stereotyped approach to a problem which deserves a more sophisticated analysis. This jurisdiction long ago recognized the principle by which, when breach occurred after part performance, the plaintiff could recover not only the profits that would have been realized if full *859 performance had been permitted, but also the reasonable and necessary expenses incurred in good faith in partial performance of the contract. See Poinsettia Dairy Products v. Wessell Company, 1936, 123 Fla. 120, 166 So. 306. Likewise, our court recognized long ago that where plaintiff would be entitled to claim loss of prospective profits as well as his expenses in performing under the contract breached by defendant, the latter cannot complain if the plaintiff foregoes his claim for loss of profit and proves only the expenditure incurred, including that which benefitted defendant. Vaughan's Seed Store v. Stringfellow, 1908, 56 Fla. 708, 48 So. 410.
In this case the plaintiff-appellant, being the franchisee of a newly founded commercial business, made no claim for loss of prospective profit because it wisely decided that under the holding of such cases as Babe, Inc. v. Baby's Formula Service, Inc., Fla.App. 1964, 165 So.2d 795, such damages would be too speculative and dependent upon changes in circumstances to warrant recovery. Foregoing the claim for loss of profits, however, did not preclude appellant from claiming as damages the amount which it had expended in preparation for and partial performance of the contract prior to breach.
The American Law Institute Restatement, Contracts, says in substance, that where a right of action for breach exists, compensatory damages will be given for the net amount of the losses caused and gains prevented by the defendant's breach, in excess of savings made possible, if established in accordance with the rules relating to foreseeability, certainty and avoidance of harm. Restatement, Contracts, § 329, et seq. As used in this broad statement, gains are defined as more than the net profits that would be realized from full performance of the contract; they are the prospective gross receipts, while profits are defined as the balance of receipts over expenditures. Professor Corbin[1] points out that expenditures by the plaintiff in preparation for or part performance of a contract are not losses caused by the breach; rather, they are an outlay caused by the making of the contract. Consequently, they are not recoverable as losses but rather as an alternative measure of gains prevented, the concept of which he then amplifies in this language, at page 192:
"Such expenditures are normally fully reimbursed either directly or indirectly by the performance promised by the defendant; and even though not mentioned they are included in any judgment for damages measured by the contract price less the cost of completion of the plaintiff's unfinished work. A judgment for such expenditures, therefore, is a judgment for a portion of the value promised by the defendant, the receipt of which by the plaintiff is prevented by [defendant's] breach."
Essentially, the rationale is this: Normally, had the contract's performance not been prevented by the defendant, and the contract had been a profitable one for the plaintiff, the plaintiff would have recovered over the life of the contract a gain, sufficient not only to fully reimburse him for his expenditures, but also to yield an excess which would be the profit. Since the amount of the gross receipts (i.e., the gain) cannot be determined with the requisite degree of certainty, the amount of the profit cannot be determined and therefore cannot be allowed in the recovery. But the amount of the gain which would have reimbursed plaintiff for the expenditures incurred in preparation and part performance can be determined by and to the extent of these expenditures, and therefore this amount can be allowed in the recovery. Such alternative measure of damages has been recognized in the cases of Dade County, Florida v. Palmer & Baker Engineers, Inc., 5 Cir.1964, 339 F.2d 208; In re Yeager Company, D.C.Ohio 1963, 227 F. Supp. 92; C.C. Hauff Hardware, Inc. v. Long Mfg. Co., 1967, 260 Iowa 30, 148 N.W.2d 425; Hardin v. Eska Co., 1964, 256 *860 Iowa 371, 127 N.W.2d 595; Callicott v. Gresham, 1964, 249 Miss. 103, 161 So.2d 183. See also Corbin, Contracts, §§ 1031, et seq.; Restatement, Contracts, §§ 333, et seq.
All authorities seem generally in agreement with the proposition that in awarding damages to one injured by another's breach of contract, the aim of the law is to put the plaintiff in as good a pecuniary position as full performance of the contract would have put him, at the least cost to the defendant and without charging the defendant for remote and unforeseeable harm. Conversely, the damages awarded to the plaintiff should never put him in a better position than he would have been in by full performance of the contract. The alternative means of measuring plaintiff's damages, as set forth above, never puts the plaintiff in a better position than he would have been in by full performance of the contract, so long as the plaintiff would not have suffered a net loss from full performance. The proof that full performance would have resulted in a loss to the plaintiff is a matter of defense; there is no burden on the plaintiff to prove that there would not have been any loss.[2]
The trial court directed a verdict for the defendant at the close of the plaintiff's case on the grounds that the plaintiff had failed to introduce any evidence of damages. Plaintiff offered evidence as to the amount paid for the franchise and for purchase of the equipment, as well as its organizational expenses and the then current value of the equipment. Under my views expressed above, such evidence would have furnished a basis for the jury to arrive at the damages sustained by plaintiff-appellant as a result of the alleged material breach of the franchise agreement. Of course, the question of a material breach of the agreement remains a factual issue for the jury.
NOTES
[1] Under the terms of the franchise agreement plaintiff was required to pay the defendant monthly royalties. Plaintiff apparently has not sought to recover the amounts so paid.
[2] During the first year of operation the plaintiff made, after taxes, a profit of $8,711.00.
[3] Whether there is double recovery depends upon how "profits" are defined. If the term "profits" means the contract price less the cost of plaintiff's completion, then the allowance of expenditures in addition thereto would be a double recovery; however, if the term "profits" is defined to mean the net amount that would have been made by the plaintiff had there been full performance, then the allowance of expenses made in preparation and in part performance is not a double recovery. Thus, many cases do allow the recovery of both profits and these expenditures. 22 Am.Jur.2d, Damages, § 160, at p. 230.
[1] Corbin, Contracts, § 1031, at 192.
[2] This is stated by Chancellor Pitney in Holt v. United Security Life Ins. & Trust Co. (1909), 76 N.J.L. 585, 72 A. 301, at 306, as follows:

"* * * But where one party repudiates, and thus prevents the other from gaining the contemplated profit, it is not, we think, to be presumed in favor of the wrongdoer (in the absence of evidence) that complete performance of the agreement would not have resulted in at least reimbursing the injured party for his outlay fairly made in part performance of it. Ordinarily, the performance of agreements results in advantage to both parties over and above that with which they part in the course of its performance; otherwise there would soon be an end of contracting. And it seems to us, upon general principles of justice, that, if he who, by repudiation, has prevented performance, asserts that the other party would not even have regained his outlay, the wrongdoer ought at least to be put upon his proof."