281 So.2d 61 (1973)
FREE BOND, INC., a Florida Corporation, Appellant,
v.
COMAZA INTERNATIONAL, INC., a Florida Corporation, et al., Appellees.
No. 73-307.
District Court of Appeal of Florida, Third District.
July 31, 1973.
William A. Daniel, Jr., Miami, for appellant.
Donald F. Frost, Miami, for appellees.
*62 Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
Plaintiff appellant instituted the instant action against appellees upon a cause of action for civil conspiracy to destroy appellant's business by certain enumerated acts. Appellant prayed for compensatory and punitive damages, injunctive relief and an accounting. At the close of appellant's case the trial judge directed a verdict in favor of appellees noting:
"THE COURT: It is the ruling of this Court that the plaintiff has failed to prove a prima facie case of conspiracy against any of the defendants.
"Now, it appears that you may have a cause of action for account stated as against Mr. Azar and Mr. Darling. You have not pled that in your accounts. This is a sum certain. There is no necessity for an accounting." [Emphasis supplied.]
Thereafter, appellant moved for a new trial and to amend its complaint to conform to the evidence for causes of action of goods sold and delivered, account stated, open account, conversion and an accounting. The court denied both motions and appellant seeks review of the order for directed verdict and denial of these motions.
Upon careful consideration of the record, brief and argument of counsel,[1] and viewing the facts in the light most favorable to appellant,[2] we have concluded that the trial judge correctly directed a verdict in favor of appellees on appellant's claims for a civil conspiracy. Moreover, we feel denial of appellant's motion to amend its complaint to state a cause of action for conversion and an accounting was likewise correct based on the record. However, we are of the opinion the trial judge erred in not permitting am amentment to the complaint as to the causes of action for goods sold and delivered, account stated and open account. Ample evidence directed to these causes of action was presented by appellant and no objection was made to the evidence by appellees on the grounds that it was not within the scope of the issues made by the pleadings. R.C.P. 1.190(b), 30 F.S.A., states:
"Amendments to Conform with the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits."
In the case sub judice, the evidence supporting the aforementioned causes of action was permitted to be raised, without proper objection. In such a case it has been held that amendment of the pleadings is not imperative since such issues can be treated in all respects as if they had been raised in the pleadings. Robbins v. Grace, Fla.App. 1958, 103 So.2d 658; Owca v. Zemzicki, Fla.App. 1962, 137 So.2d 876; Raggs v. Gouse, Fla.App. 1963, 156 So.2d 882; Beefy Trail, Inc. v. Beefy King International, Inc., Fla.App. 1972, 267 So.2d 853. Thus considered, the evidence presented by appellant was such that a *63 jury could have returned a verdict for the appellant on causes of action for goods sold and delivered, account stated and open account. Since appellant has properly moved for an amendment to conform the pleadings to the evidence, such motion should be granted so that appellant can properly present the aforementioned causes of action in the new trial herein directed.
Accordingly, the order for directed verdict and order denying appellant leave to amend its complaint to reflect causes of action for conversion and an accounting is hereby affirmed, and that portion of the order denying leave to amend to state causes of action for account stated, goods sold and delivered and open account is hereby reversed and remanded with directions to grant such leave to amend and to grant a new trial on such issues. See, Beefy Trail, Inc. v. Beefy King International, Inc., supra.
Affirmed in part, reversed in part and remanded with directions.
NOTES
[1] No brief or appearance of counsel was made for appellees in this appeal.
[2] Riviera Condominium Apts., Inc. v. Weinberger, Fla.App. 1970, 231 So.2d 850.