346 So.2d 1227 (1977)
Vito DAVANZO et al., Appellants,
v.
RESOLUTE INSURANCE COMPANY et al., Appellees.
No. 76-511.
District Court of Appeal of Florida, Third District.
June 14, 1977.
Louis Vernell, Miami, for appellants.
Melvyn Kessler, Miami, Yelen & Yelen, Coral Gables, Richard Touby, Miami, for appellees.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HAVERFIELD, Judge.
Defendants, trustees of a dissolved corporation as legal titleholder, appeal a final judgment foreclosing four of six mortgages encumbering the subject realty.
DaVell Investments and Properties, Inc., a dissolved corporation, in August 1972 purchased from Harry and Yetta Siegel the subject property which consists of a three-story office building located in downtown Miami. This property was encumbered by a total of six mortgages, four of which were executed by Harry and Yetta Siegel during the period of their ownership. At the time of entry of the final judgment, the cast of mortgagees were as follows: Robert Bloomberg, holder of the first mortgage; Emily Kellerman and Shirley Caruso, holders of the second and fourth mortgages; Resolute Insurance Company, holder of the third mortgage; Estate of Lionel Sanger, holder of the fifth mortgage; Yetta Siegel and Carole Miller, holders of the sixth mortgage.
On September 23, 1971 plaintiffs Emily Kellerman and Shirley Caruso filed a complaint to foreclose their fourth mortgage against Harry and Yetta Siegel, then the *1228 legal titleholders of the realty. Thereafter, plaintiffs filed an amended complaint to foreclose both their second and fourth mortgages and added as parties to the cause, Resolute and Sanger by virtue of their third and fifth mortgages. Resolute answered that its mortgage was superior to plaintiffs' and prayed that the court dismiss the amended complaint and grant any other relief it may see fit under the circumstances. Sanger filed a cross-claim to foreclose the fifth mortgage and alleged that his mortgage is superior to the others. Sanger also prayed for a reasonable attorney's fee. Robert Bloomberg, who just prior thereto had been assigned the first mortgage, filed a petition to intervene and join additional parties defendant. Bloomberg alleged that by assignment he was now the holder of the first mortgage which was presently in default and asked that his mortgage which was superior to all the others be foreclosed. Bloomberg also requested that DaVell Investments and Properties, Inc., the current record titleholder, be joined as a party defendant as well as all persons having an interest in the encumbered property inferior and subordinate to that of Bloomberg (which included Yetta Siegel and Carole Miller who held the sixth mortgage). Bloomberg's petition was granted and he filed a complaint to foreclose against DaVell Investments and the other lienholders. In Resolute's answer to this complaint, it prayed that the court determine the priority of its lien and Bloomberg's lien and the proceeds from the sale be applied to their claims in accordance with the determination of priority. Kellerman and Caruso, the original plaintiffs, also moved to amend their complaint to add as additional party defendants, appellants Vito and Jean Davanzo and Louis Vernell as trustees of DaVell Investments in that DaVell which purchased the subject property while this suit was pending is a dissolved corporation and the above three persons were the last known board of directors. Louis Vernell as trustee for DaVell filed an answer to Bloomberg's complaint. After several hearings and a nonjury trial, the judge entered final judgment foreclosing Bloomberg's first mortgage along with the third, fifth and sixth mortgages.[1] The total sums due were (1) Bloomberg $41,236.49; (2) Resolute $7,336.95; (3) Sanger $30,002.15; (4) Miller $43,100. The above mortgagees were also awarded reasonable attorneys' fees. Appellant filed a petition for rehearing and contended that the trial court erred in determining matters never pled or otherwise raised in the cause, i.e. with the exception of Bloomberg, the remaining mortgagees did not pray for foreclosure and further did not join DaVell Investments as a party defendant. After a hearing thereon, the trial judge denied the petition and entered an order pursuant to Fla.R.Civ.P. 1.190(b) amending the pleadings to conform to the evidence introduced at the trial. This appeal ensued.
Appellants contend that where the holders of several mortgages are joined in a single foreclosure action which fails to name or otherwise include the fee titleholder as a party, a final judgment which serves to adjudicate the rights of the owner with respect to such mortgages and otherwise adjudicating issues never raised or pled is erroneous and should be reversed.
This issue with respect to Bloomberg is not applicable as his complaint added DaVell Investments as a party defendant and sought foreclosure of the first mortgage.
We next considered this contention with regard to the Resolute and Sanger mortgages.
One who holds legal title to mortgaged property is an indispensable party defendant in a suit to foreclose a mortgage and a court cannot properly adjudicate the matters involved in this suit when it appears indispensable parties are not in some proper way actually or constructively before the court. Oakland Prop. Corp. v. Hogan, 96 Fla. 40, 117 So. 846 (1928). The record reflects that appellant Louis Vernell was involved in this suit from its very inception as he initially represented Harry *1229 and Yetta Siegel upon Kellerman and Caruso filing their foreclosure complaint. After Bloomberg was permitted to intervene and file his foreclosure complaint adding DaVell Investments and appellant trustees as party defendants, Vernell began to represent DaVell Investments and himself as trustee of DaVell. Thus, from the time of the filing of Bloomberg's complaint DaVell Investments through the entire ensuing proceedings was actually a party before the court and was represented by counsel.
The record further reveals that Sanger in his cross-claim prayed that his mortgage be foreclosed. Resolute in its answer to Bloomberg's complaint asked that the priorities between its and Bloomberg's mortgages be determined and the proceeds from the foreclosure sale be applied to their claims in accordance with the priority determination. Resolute in addition asked for any other relief the court may deem appropriate. We also note that at the trial Sanger and Resolute introduced evidence relating to the foreclosure of their respective mortgages and the trial proceeded as if the foreclosure of those mortgages was at issue. No objection thereto was made by DaVell Investments. Although not imperative, the trial judge permitted the pleadings to be amended to conform to the evidence. See Fla.R.Civ.P. 1.190(b). Thus, this point is without merit as to the Resolute and Sanger mortgages. See Robbins v. Grace, 103 So.2d 658 (Fla.2d DCA 1958); Free Bond, Inc. v. Comaza International, Inc., 281 So.2d 61 (Fla.3d DCA 1973).
However, appellant's point with respect to the Siegel/Miller mortgage is well taken. These mortgagees filed no pleadings nor did they participate in the final hearing. In fact, Siegel and Miller filed a separate mortgage foreclosure action which still remains unresolved. We, therefore, vacate that portion of the final judgment addressed to the Seigel/Miller sixth mortgage including the award of attorney's fees.
We also considered appellant's second contention with regards to the award of attorneys' fees to Bloomberg, Resolute and Sanger and find no reversible error.
The final judgment is affirmed in all respects save that provision foreclosing the Siegel/Miller mortgage and awarding them a reasonable attorney's fee.
Affirmed in part, reversed in part.
NOTES
[1] The actions on the Kellerman/Caruso second and fourth mortgages are still pending.