## BURNSTEIN v. 5838 CONDOMINIUM, INC.
### No. 82-312 AP
Eleventh Judicial Circuit, Dade County, Appellate Division
June 14, 1983

Stanley B. E. Skine, for appellant.

Mitchell W. Mandler, Smith & Madler, for appellee.

Before KAY, TENDRICH, and NEWMAN, J.J.

PER CURIUM

The issues which concern the Court in this case are:

1. The right of the Condominium Association, notwithstanding the Declaration of the Condominium, to institute an eviction process.

2. The necessity of adequate and proper notice to the parties in question.

3. The necessity of joining the fee-simple unit owner as a party to the suit.

It seems to this Court that the proper remedy in this case, as expressed initially by the lower Court, should have been an injunctive proceeding. Nowhere is it stated in the "Declaration" that the condominium has the right of eviction. The only reference is the wide scope interpretation of the language of the Article XXXVIII(A) which talks about *"Any Other Relief"*.

Eviction is a possessory right, and it would appear that the right of possession to the condominium unit in question in this case lies only in the hands of the owner or fee-simple unit holder or his assigns, upon a violation of any lease agreement. *Reibel v. Rolling Green Condominium,* 311 So.2d 156 (Fla. 3rd DCA 1975).

Even if, as here, both the fee-simple holder and the appellant signed an agreement to be bound by the "Declaration of the Association" and its bylaws, there is no provision in those documents which gives the

appellee the right to eviction as a legal remedy. To do so would vest a possessory interest in the appellee, to which, in this Court's opinion, the appellee is not entitled.

It also follows that for the appellant to be affected by an eviction proceeding proper notice must be given pursuant to Chapter 83.56(2) Florida Statutes. The notice in this case merely stated the dissatisfaction of the Condominium Association which the appellant's behavior and failed to comply with the provisions of Chapter 83.56(2) in that the letter of March 27 did not:

1.  Notify the appellant that an eviction proceeding was contemplated or a lease termination intended.

2.  Fulfill the 7-day requirement of the Chapter.

The record reflects that the appellee instituted legal proceedings to terminate the lease on May 17. On the very same day the appellee presented the appellant with notice that the lease would be terminated and in fact, by the wording of that notice, termination had already been completed. The appellant therefore was deprived of the benefit of the statutory provision of 7-day notice.

It remains unclear by either law or fact whether the appellee under these particular circumstances would have the right, notwithstanding the provisions of the "Declarations", to institute eviction proceedings without notification to the fee-simple holder. It appears that for the appellee to do so would result in financial injury and prejudice to the fee-simple holder in that, if the lease is terminated and the unit in question remains unoccupied, the fee-simple holder will lose the financial benefit of the rental agreement. To do so, without proper notification to the fee-simple holder or in the alternative joining him as a party to the lawsuit, would appear to deprive him of fundamental rights. *Davanzo v. Resolute Ins. Co.,* 346 So.2d 1227 (Fla 3rd DCA 1977).

For the above reasons, this Court reverses the lower Court decision and remands this case for further proceedings by the lower Court.