956 So.2d 1222 (2007)
OCEAN COMMUNICATIONS, INC., and Olympusat, Inc., Appellants,
v.
Robert BUBECK and Market Link of South Florida, Inc., Appellees.
Nos. 4D06-587 and 4D06-2603.
District Court of Appeal of Florida, Fourth District.
May 23, 2007.
Rehearing Denied June 19, 2007.
*1223 Steven M. Goldsmith of Steven M. Goldsmith, P.A., Boca Raton, and Donald S. Hershman of Donald S. Hershman, P.A., Boca Raton, for appellants.
John L. Bryan, Jr. of Scott, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, for appellees.
TAYLOR, J.
Plaintiffs, Ocean Communications, Inc. and Olympusat, Inc., appeal a final judgment denying their claim for restitution of monies paid to Defendants, Robert Bubeck and Market Link of South Florida, Inc., in this action for breach of contract. The trial court found that defendants materially breached their contract with plaintiffs but ruled that plaintiffs were not entitled to restitution because there was an express contract between the parties. Because we conclude that plaintiffs properly sought restitution under their amended breach of contract count, we reverse and *1224 remand for a determination of the amount of restitution, if any, owed to plaintiffs.
On October 26, 1997, plaintiffs entered into an agreement with Robert Bubeck. Under the terms of the agreement, Bubeck was to work as an agent for plaintiffs to find "remnant time" on TV networks to sell to infomercial and shopping networks or other programming channels. Bubeck was to receive twenty-five percent commission on net profits on those deals.
On December 27, 2000, the parties entered into a second agreement, whereby Bubeck would work as an independent contractor for plaintiffs to coordinate advertising sales for the company and develop an infomercial network. Bubeck was to be compensated with a monthly salary, equity in the company, and commission on the advertising sales and on the profits from the infomercial network. The agreement further provided that Bubeck was to "phase out" over the year his consulting responsibilities with CN8.
Plaintiffs filed a complaint against defendants for injunctive relief for breach of non-competition agreements,[1] money damages for breach of contract, and unjust enrichment. Under the unjust enrichment claim, plaintiffs asserted that Bubeck and his company, Market Link of South Florida, Inc., were unjustly enriched by plaintiffs' payments to them in the sum of $387,805.33 under the agreement between December 27, 2000 and November 4, 2002. Plaintiffs demanded a judgment of restitution in this amount.
At trial, the parties stated that they had stipulated to a number of issues, and plaintiffs contended that only one major legal issue remained: "whether or not they're entitled to restitution when there's a contract." In closing arguments, plaintiffs stated that they were pursuing a breach of contract claim, seeking return of $17,000 to $22,000. In addition, they sought recovery for unjust enrichment. Ocean stated its position regarding the unjust enrichment claim as follows:
That the major function that Mr. Bubeck had been retained to perform underneath the terms and conditions under the second agreement, was to produce advertising revenue for this new creature, Olympusat. He didn't do that. He was paid a fairly handsome monthly stipend, I think that started out $4,000 and then went to 7,000 and went to 10,000. The proof has been, and I think he admitted that he has received, in terms of monthly salary in round numbers, about a total of $176,000.
Plaintiffs sought return of the $176,000 paid in monthly salary. The trial court rejected plaintiffs' argument, reasoning that that there could be no recovery for unjust enrichment when there is an express contract. Thereafter, plaintiffs moved to amend their contract damages claim to state a claim for $176,000. The court granted the motion.
In its final judgment, the court found that plaintiffs had cause to terminate Bubeck for violation of the 2000 agreement by continuing to pursue personal business, which was prohibited by the agreement. The court concluded that Bubeck had breached the 2000 agreement by competing with plaintiffs and receiving money that was owed to plaintiffs. The court found, however, that plaintiffs were not entitled to restitution, "as restitution is an equitable remedy, and there is an actual contract between the parties in this case." Instead, the court found plaintiffs to be due $7,000 received by defendants in 2002. The court further found that although plaintiffs were discharged from making *1225 payments under the 2000 agreement once Bubeck had breached the agreement, plaintiffs were still responsible for making payments under the 1997 letter agreement. Pursuant to the 1997 agreement, the court found defendants to be due $93,607. The court concluded the final amount due to defendants to be $86,607 ($93,607 less $7,000).
Plaintiffs argue that the trial court erred when it found that Bubeck materially breached the parties' contract but concluded that restitution was not an available remedy. Whether restitution is an equitable remedy not awardable for breach of an express contract is a question of law which we review de novo. See Bell v. Indian River Mem. Hosp., 778 So.2d 1030, 1032 (Fla. 4th DCA 2001) (holding that review of a question of law is de novo).
In Beefy Trail, Inc. v. Beefy King International, Inc., 267 So.2d 853, 856 (Fla. 4th DCA 1972), we recognized three distinct remedies for breach of contract: damages, restitution, and specific performance. We explained the distinction between a damages remedy and a remedy of restitution thusly:
The purpose of damages is to put the injured party in as good a position as he would have occupied had the contract been fully performed. In this context the injured party is considered to be "affirming" the contract. The purpose of restitution, however, is to require the wrongdoer to restore that which he has received and thus tend to put the injured party in as good a position as he occupied before the contract was made; in this context the injured party may be said to have considered the contract as "terminated" or "ended."
Id. at 857; see also McCray v. Murray, 423 So.2d 559, 561 (Fla. 1st DCA 1982) (holding that where there is a total breach of contract the plaintiff may elect between a remedy that "`will put him in the same position as he was immediately prior to making the agreement'" and one that "will place him in the position he would have been if the contract had been completely performed") (quoting Sundie v. Lindsay, 166 So.2d 152, 153 (Fla. 3d DCA 1964)).
Defendants correctly state that a plaintiff cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists. See, e.g., Kovtan v. Frederiksen, 449 So.2d 1, 1 (Fla. 2d DCA 1984) ("It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter."); In re Estate of Lonstein, 433 So.2d 672, 674 (Fla. 4th DCA 1983) (same). A contract implied in law, or "quasi contract," operates when there is no contract "to provide a remedy where one party was unjustly enriched, where that party received a benefit under circumstances that made it unjust to retain it without giving compensation." Commerce P'ship. 8098 Ltd. P'ship v. Equity Contracting Co., Inc., 695 So.2d 383, 386 (Fla. 4th DCA 1997).
Restitution is available as a type of recovery, however, when there has been a breach of an express contract. Indeed, we stated in Beefy Trail that proof of breach of contract is a necessary element of restitution:
This determination [of a restitutionary interest] is dependent upon the existence or nonexistence of any evidence relating to a material breach because demonstration of such a breach is a prerequisite under the restitution theory.
267 So.2d at 857 (citing CORBIN ON CONTRACTS, Vol. 5, s. 1104); see also Timberland Consol. P'ship. v. Andrews Land & Timber, Inc., 818 So.2d 609, 611 (Fla. 5th *1226 DCA 2002) (a party to a contract who justifiably refuses to perform because his duties have been discharged by the other party's breach may seek restitution for any benefit he has conferred by part performance in excess of loss caused by his breach); RESTATEMENT (SECOND) OF CONTRACTS § 373 ("[O]n a breach by non-performance that gives rise to a claim for damages for total breach or on a repudiation, the injured party is entitled to restitution for any benefit that he has conferred on the other party by way of part performance or reliance.").
Plaintiffs argue that defendants have misstated the issue on appeal to be whether an express contract bars an unjust enrichment claim. They point out that the trial court permitted them to amend their breach of contract claim at trial to conform to the evidence, and that they sought restitution for the compensation they paid to defendants under the amended breach of contract claim, not under their count for unjust enrichment.
Defendants counter that, even if restitution were an available remedy, it is impossible to grant such relief because there is no way that plaintiffs could return the benefits they reaped from defendants' part performance. In Beefy Trail, we stated:
if restitution is sought the plaintiff must return to the defendant any part performance of value rendered by defendant; such part performance must be allowed as a credit to the defendant as against the amount alleged owed to the plaintiff as restitution for the breach.
267 So.2d at 858. Citing this case, plaintiffs argue that defendants should be credited only with the reasonable value of their performance. The trial court did not make any findings regarding the value of defendants' services between the time of the breach and November 4, 2002, the date after which there was no breach, according to the final judgment. On remand, the trial court can hold an evidentiary hearing to determine the value of defendants' services, which can be used to offset plaintiffs' restitutionary recovery.
Reversed and Remanded.
STEVENSON, C.J., and POLEN, J., concur.
NOTES
[1] The parties agreed by stipulation not to pursue this count.