SHEPHERD, C.J.
This is an appeal by RC Aluminum Industries, Inc. (“RC Aluminum”) from an order dismissing with prejudice its first amended complaint, seeking to impose an equitable lien on construction loan proceeds and for unjust enrichment. A casual perusal of the order makes it apparent that the trial court went beyond the four corners of the complaint in reaching its decision. See Lewis v. Barnett Bank of S. Fla., N.A., 604 So.2d 937, 938 (Fla. 3d DCA 1992) (“On a motion to dismiss, the trial court is necessarily confined to the well-pled facts alleged in the four corners of the complaint and contrary to the defendant’s argument, is not authorized to consider any other facts....”). “A motion to dismiss a complaint is not a motion for summary judgment in which the court may rely on facts adduced in depositions, affidavits, or other proofs.” Barbado v. Green & Murphy, P.A., 758 So.2d 1173, 1174 (Fla. 4th DCA 2000) (quoting Mancher v. Seminole Tribe of Fla., Inc., 708 So.2d 327, 327 (Fla. 4th DCA 1998)).
In addition, based upon our review of the first amended complaint, it appears RC Aluminum may have a good-faith basis to allege a claim for equitable lien. The factual circumstances may show that the lender, Regions Bank, exercised affirmative deception on RC Aluminum to keep it on the job; thus, the basis for an equitable lien may rest upon material misrepresentation, fraud, mistake, or unjust enrichment. See Gancedo Lumber Co., Inc. v. Flagship First Nat’l Bank of Miami Beach, 340 So.2d 486, 487 (Fla 3d DCA 1976); see also Williams v. Bear Stearns & Co., 725 So.2d 397, 400 (Fla. 5th DCA 1998) (stating a claim for unjust enrichment is not barred by the existence of an adequate remedy at law).
Regarding RC Aluminum’s allegations that Regions Bank failed to comply with section 713.3471(2), Florida Statutes (2008), any resultant statutory liability of Regions Bank to the extent of allegedly undisbursed loan proceeds is expressly limited to a claim by a “contractor” (and not by a “subcontractor” such as RC Aluminum). Sections 713.3471(2)(b); 713.01(8) (defining “contractor”); and 713.01(28) (defining “subcontractor”). We do not reach the question of whether Region’s Bank alleged failure to provide the statutory notice to RC Aluminum may provide the basis for an equitable lien.
Reversed and remanded for proceedings consistent herewith.