DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VALERIE FULTON, FULTON INSURANCE AGENCY, INC.,** and **DEAN C. FULTON,**
Appellants,

v.

**JUDITH BRANCATO,**
Appellee.

No. 4D14-4381

[March 30, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter D. Blanc, Judge; L.T. Case No. 2007CA018811XXXXMB.

Kevin F. Richardson of Clyatt & Richardson, P.A., West Palm Beach, for appellants.

Michael J. Ferrin, Boca Raton, for appellee.

MAY, J.

Two business transactions lie at the heart of this appeal. The first involved the sale of the assets of an insurance agency, and the second involved an investment in and loans to a failed entertainment business. The trial resulted in a verdict and judgment in favor of the widow of the seller of the insurance agency, and the investor in the entertainment business (collectively identified as "seller"). From this judgment, the buyers of the assets of the insurance agency and owners of the entertainment business ("buyers"), and the buyers' insurance agency ("buyers' agency") appeal.

Multiple issues and sub-issues have been raised by the buyers and the buyers' agency. They include evidentiary, burden of proof, and remedy issues. The seller cross-appeals the amount of damages awarded for an unjust enrichment claim involving the investment in the entertainment business. We affirm on the cross-appeal, and most of the issues on the direct appeal. We reverse, however, on the unjust enrichment and conversion basis for the judgment as to Valerie Fulton (one of the buyers)

and the buyers' agency, Fulton Insurance Agency, Inc.

The parties were at one point good friends and business associates. When the seller's husband became ill, the seller and her husband sold the assets of their insurance agency ("seller's agency") to the buyers through an asset purchase agreement ("APA").  The APA was executed on January 24, 2001, by the respective insurance agencies of the seller and buyer. The buyers' agency agreed "to pay [the seller's agency] an amount equal to one (1) times the actual amount of commission received by the renewals on the Clients during the twelve (12) month period after the effective date of this Agreement."

Needless to say, the seller did not receive the anticipated payments, which ultimately led to this litigation.

The buyers and the buyers' agency moved for a directed verdict on the unjust enrichment claim on the basis that an express agreement existed between them and the seller's agency and no evidence was presented to show the buyers pierced the corporate veil exposing them to personal liability.  The buyers also moved for a directed verdict on the conversion claim because a debt owed, which can be discharged with money, cannot form the basis of a conversion claim.  The trial court reserved ruling. During jury deliberations, the buyers and the buyers' agency renewed their motions for directed verdict.

The jury returned the following verdict:

- **Breach of Contract (Count 1):**  The buyers' agency breached the APA and was the legal cause of damage to the seller.

- **Unjust Enrichment (Count 2):**  The buyer Valerie Fulton and the buyers' agency were unjustly enriched by the receipt of assets from the seller's agency without paying the seller's agency or the seller the reasonable value of those assets.

- **Conversion (Count 3):**  The buyer Valerie Fulton and the buyers' agency converted the assets of the seller's agency to their benefit.

The jury awarded $98,000 in damages to the seller.

Post-trial, the buyers and the buyers' agency moved to renew their motions for directed verdict, for judgment notwithstanding the verdict, and in the alternative for a new trial.  The trial court denied the motions.

2

On appeal, the buyers and the buyers' agency argue the trial court should have directed a verdict on the seller's claim for unjust enrichment against the buyer Valerie Fulton and the buyers' agency because the jury found that there was an express agreement between the seller's agency and the buyers' agency, which was breached. We agree.

"[A] plaintiff cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists." *Ocean Commc'ns, Inc. v. Bubeck*, 956 So. 2d 1222, 1225 (Fla. 4th DCA 2007). "A contract implied in law, or 'quasi contract,' operates when there is no contract 'to provide a remedy where one party was unjustly enriched, where that party received a benefit under circumstances that made it unjust to retain it without giving compensation.'" *Id.* (quoting *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 386 (Fla. 4th DCA 1997)).

Here, the evidence established the existence of a written agreement between the buyers' agency and the seller's agency. The jury found that the written agreement was breached by the buyers' agency. Because a written agreement was found to exist and was breached, the seller cannot recover under the equitable theory of unjust enrichment. *Kovtan v. Frederiksen*, 449 So. 2d 1, 1 (Fla. 2d DCA 1984) ("It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter.").

The buyer Valerie Fulton also argues that there can be no personal liability on her part because the evidence did not establish that she personally benefitted beyond the $98,000 awarded for the buyers' agency's breach of contract. We agree. "The main body of corporate law is to the effect that directors, officers and stockholders are not liable for corporate acts simply by reason of their official relation to the corporation." *Munder v. Circle One Condo., Inc.*, 596 So. 2d 144, 145 (Fla. 4th DCA 1992). Here, the damages were confined to the same $98,000 awarded against the buyers' agency for breach of contract. There simply was no evidence that the buyer Valerie Fulton benefitted beyond that amount or that she benefitted separate and apart from the buyers' agency.

Lastly, the jury found that both the buyer Valerie Fulton and the buyers' agency converted assets of the seller's agency to their benefit. However, once again, the $98,000 in damages were incurred as a result of the buyers' agency's breach of contract. There was no evidence that the seller sustained any additional damages by the buyer and buyers' agency's conversion of other assets.

We find no error in the trial court's denial of the motions for directed verdict prior to submission of the factual issues to the jury. There were issues of fact for the jury to determine. However, the trial court should have granted the buyers and buyers' agency's motions for a judgment notwithstanding the verdict to relieve the buyer Valerie Fulton and the buyers' agency from damages as a result of the unjust enrichment and conversion claims once the jury determined a finite amount of damages attributable for the buyers' agency's breach of contract. We affirm the judgment in all other respects.

*Reversed in part and Remanded for Correction of the Judgment.*

DAMOORGIAN and GERBER, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***