DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MONA GREENBERG,**
Appellant,

v.

**BEKINS OF SOUTH FLORIDA,**
Appellee.

No. 4D21-302

[April 20, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Reginald Roy Corlew, Judge; L.T. Case Nos. 2019SC007318 and 2019AP108.

Mona Greenberg, Boca Raton, pro se.

Andrew M. Kassier of Andrew M. Kassier, P.A., Coral Gables, for appellee.

MAY, J.

The hazards involved in moving create the issue in this appeal. A property owner appeals a damages judgment entered in her favor for lost and damaged personal property. She argues the trial court erred in limiting discovery and her presentation at trial. She also argues the court erred in limiting the amount of her damages. We disagree with her arguments and affirm.

In 2019, the property owner filed a Statement of Claim in county court, claiming Bekins of South Florida ("the moving company") owed her $5,000 for lost and damaged property. The parties had entered into a contract for the pickup, storage, and delivery of the customer's personal property. The agreement consisted of a storage contract and two bills of lading.

The storage contract provided:

> As Depositor I understand that value protection in the amount of $. 60 at an additional monthly charge of $ [slash line placed through 0] per month has been ordered for my account. . . .

Depositor agrees and understands that if value protection is not desired then the value of the property placed into storage and the Company's liability in case of loss or damage arising out of Company's negligence or for any cause for which it may be liable for each or any article . . . does not exceed and is limited to sixty (60¢) cents per pound per article, upon which agreed value the rates are based, the Depositor having been given the opportunity to declare a higher amount of value and to pay an additional charge and having elected not to do so.

Value Protection is NOT desired [initials]

The bills of lading stated:

THE VALUE OF MY SHIPMENT IS
$ [0].60/LB/ART

RELEASED VALUE OF SIXTY CENTS ($.60) PER POUND PER ARTICLE (CARRIER'S MINIMUM LEGAL LIABILITY):

If you do not declare a value in the previous option, and, if the article is lost, destroyed, or damaged while in the mover's custody, the mover's liability is limited to sixty cents ($.60) per pound per article, based on the actual weight of the lost, destroyed, or damaged article.

The moving company answered and raised the limit of liability clause as an affirmative defense. It argued the property owner's recovery, if any, was strictly limited to $0.60 per pound per article.

The trial court granted the moving company's motion to conduct discovery, limited to a request for admissions. About twelve days before trial, the property owner filed several documents, including her intended exhibits and testimony, a request for interrogatories, and a request for production.

The moving company moved for a protective order and to strike the discovery requests. It argued the trial court's trial order limited discovery to a request for admissions, and the property owner's discovery requests had not been served on the moving company's attorney. It also argued the interrogatories were too broad and exceeded the maximum number of interrogatories.[1]

---

[1] The record shows the trial court did not rule on the motion to strike.

The trial court conducted a non-jury trial. Because no court reporter was present, no transcript is available. However, after the appeal was transferred to us, the county court submitted a status report representing the court's approval of the parties' statement of the evidence.

The report stated:

> At the beginning of the trial [the property owner] read her opening statement from a notebook and claimed that [the moving company] lost and damaged many of her items during the move, thus causing damage to her property.
>
> . . . .
>
> In this case, [the property owner] on April 5, 2017, entered into a contract with [the moving company] to move her items. [The property owner], however, did not elect value protection in the contract and therefore [the moving company] was only liable for sixty cents per pound per article. During the course of the trial, the Court explained, in detail, several times that people are bound by the terms of the contracts they enter into.
>
> . . . .
>
> [The property owner] was entitled to a judgment in her favor, but only in the amount of $234.00. This amount was based upon a total weight of 390 pounds of [the property owner]'s property being lost or damaged, at a rate of sixty cents per pound.
>
> . . . .
>
> [The property owner] argued at trial that not all of her boxes were received on the scheduled delivery date, therefore, [the moving company] breached the contract and the "limitation of liability" should be disregarded. However, there was testimony from [the moving company]'s witness that the boxes [the property owner] claims were missing were stored in a separate vault and inadvertently left behind on the day of delivery. Those boxes were delivered, nonetheless, within two days after the date of delivery. In light of the facts, the Court was not able to determine that a breach occurred that would render the "limitation of liability" in the contract voidable.

The trial court entered a final judgment awarding the property owner $234 in damages, plus $350 in costs. The property owner now appeals.

First, we take a moment to compliment the parties and the trial court for providing us with the status report, which made a review of the issues possible. Second, we affirm the trial court's decision based upon the facts presented and the applicable law.

The property owner argues the trial court denied her a fair trial by not allowing her to present a "full" opening statement. She adds she was not allowed to call two witnesses or present a closing argument. Furthermore, she argues, the trial court failed to sanction the moving company for not complying with discovery.

The moving company responds these arguments were not preserved for review and are unsupported by the record. The moving company adds that the property owner's discovery requests were unauthorized because the requests were not served in accordance with the rules of civil procedure. And even though the trial court granted the moving company's discovery request, the moving company could ultimately choose not to serve a request for admissions. And last, the moving company argues the trial court properly limited the recovery to $0.60 per pound per article.

We have de novo review of a trial court's interpretation of a contract. *See Klinow v. Island Ct. at Boca W. Prop. Owners' Ass'n*, 64 So. 3d 177, 180 (Fla. 4th DCA 2011). "[M]ixed questions of fact and law require the application of two different standards of review. The factual findings must be supported by competent, substantial evidence, while legal findings are reviewed de novo." *Id.* (internal citation omitted).

It is generally inappropriate for a party to raise an issue for the first time on appeal. *Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005). "[T]o be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985).

Here, we have a limited record as no court reporter was at the trial. The status report does not reflect that the property owner apprised the trial court of the perceived errors. The status report does show that the property owner was allowed to read an opening statement from a notebook. We discern no error with regard to the property owner's issue about presenting her evidence.

The status report also allows us to conclude the trial court properly determined the property owner was bound by the limitation provision in

the contract. The property owner never disputed entering the contract. She simply argued that the liability provision was unenforceable because the moving company breached the contract by failing to deliver all of her boxes on the scheduled delivery date. The status report suggests otherwise.

We have explained that, under Florida law, "[a] party's 'failure to perform some minor part of his contractual duty cannot be classified as a material or vital breach.'" *Covelli Family, L.P. v. ABG5, L.L.C.*, 977 So. 2d 749, 752 (Fla. 4th DCA 2008) (quoting *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 857 (Fla. 4th DCA 1972)). "To constitute a vital or material breach, a party's nonperformance must 'go to the essence of the contract.'" *Id.*

The trial court reasonably concluded the two-day delay was insufficient to void the parties' agreement. *See id.* Moreover, Florida courts have generally upheld contractual provisions that limit the carrier's liability in the event of loss or damage. *See Allied Van Lines, Inc. v. Bratton*, 351 So. 2d 344, 348 (Fla. 1977); *Atl. Coast Line R. Co. v. Dexter*, 39 So. 634 (Fla. 1905).

Here the record reflects the property owner signed the contract and initialed the liability provision. She may not now avoid the legal consequences of the limitation based on a minor breach by the moving company. In short, the trial court did not err in limiting the property owner's damages to $0.60 a pound per article.

*Affirmed.*

GROSS and CIKLIN, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

5