# Third District Court of Appeal

## State of Florida

Opinion filed August 10, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2457
Lower Tribunal No. 20-4107
_____

**Pyotr Vitalievich Loginov,**
Appellant,

vs.

**Ekaterina Samoilova, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

The Law Offices of Bruce Prober, P.A., and Bruce Prober (Fort Lauderdale), for appellant.

Law Offices of Andre G. Raikhelson, and Andre G. Raikhelson (Boca Raton), for appellee, Ekaterina Samoilova.

Before FERNANDEZ, C.J., and MILLER and GORDO, JJ.

GORDO, J.

Pyotr Vitalievich Loginov appeals a trial court's order of final judgment in favor of Ekaterina Samoilova. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because Loginov fails to show the trial court erred in entering final judgment in favor of Ekaterina, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Igor Samoilov commenced a divorce action against his wife Ekaterina Samilova in Russia. As part of the divorce, Igor sought, in part, for the Russian court to recognize a debt he owed to Pyotr Loginov, his stepbrother, as a joint debt of the spouses to be divided equally. Loginov and Igor had entered into a loan agreement in 2016 for 67,000,000 rubles which were used to purchase a condominium in Sunny Isles Beach and other costs. Loginov had obtained a Russian judgment against Igor based on the loan agreement. The Russian court found in favor of Igor and recognized the "monetary liability" to Loginov as a "community debt" of Igor and Ekaterina. The Russian court, however, declined to allocate the debt between Igor and Ekaterina because Ekaterina was not a party to the loan agreement underlying the debt. The decision was upheld on multiple appeals in Russia. Loginov was not a party to the divorce action.

On January 30, 2020, Igor and Ekaterina entered into a settlement agreement in Florida to sell the Sunny Isles Beach condominium and split

the profits equally. Less than a month later, Loginov filed a complaint against Igor and Ekaterina for: (1) domestication of Russian court judgments in the amount of 67,000,000 rubles; (2) an equitable lien on the Sunny Isles Beach condominium; and (3) foreclosure of that equitable lien. Loginov was awarded summary judgment against Igor after Igor admitted to every allegation in the complaint.[1]

In October 2020, Ekaterina filed her answer. The case proceeded to a three-day non-jury trial. Expert testimony was heard from Ivan G. Vasyukov, on behalf of Loginov, and Larisa V. Malyukova, on behalf of Ekaterina. The trial court subsequently entered final judgment finding: (1) the Russian judgments could be domesticated but they grant Loginov a right to collect from Ekaterina; (2) Loginov's claim for an equitable lien was improper because Loginov had an adequate remedy at law; and (3) Loginov could not seek foreclosure because he was not entitled to an equitable lien. This appeal followed.

**LEGAL ANALYSIS**

---

[1] In March 2021, Ekaterina filed a motion to vacate the final summary judgment. The trial court denied the motion, but this Court reversed. See Samoilova v. Loginov, 330 So. 3d 1041, 1043 (Fla. 3d DCA 2021). The motion remains unaddressed below.

3

"The appellate court reviews the record for substantial, competent evidence to support the trial court's findings of fact, and the standard of review for the trial court's conclusions of law is de novo." <u>Bailey v. Covington</u>, 317 So. 3d 1223, 1227 (Fla. 3d DCA 2021). A trial court's determination of foreign law is reviewed de novo. <u>See</u> <u>Transportes Aereos Nacionales, S.A. v. De Brenes</u>, 625 So. 2d 4, 5 (Fla. 3d DCA 1993).

### I.   *Domestication and Interpretation of the Russian Judgments*

Both parties agree the trial court properly determined there were no grounds for non-recognition of the Russian judgments and the trial court thus accepted the factual findings and conclusions of law made by the Russian courts. At issue was whether the Russian court's "recognition" of the debt as a community debt gave Loginov a monetary judgement entitling him to recover from Ekaterina.

The parties' expert witnesses provided conflicting testimony regarding this fact. Loginov asserts the trial court improperly relied on the testimony provided by Ekaterina's expert witness. The trial court, however, properly weighed the relative experience of the two expert witnesses, the contradictory testimony provided and the plain language of the Russian judgments when it determined the Russian judgments did not grant Loginov a monetary liability against Ekaterina. <u>See</u> <u>Wald v. Grainger</u>, 64 So. 3d

4

1201, 1205 (Fla. 2011) (recognizing that the trier of fact "is free to weigh the opinion testimony of expert witnesses, and either accept, reject or give that testimony such weight as it deserves considering the witnesses' qualifications, the reasons given by the witness for the opinion expressed, and all the other evidence in the case, including lay testimony"); Gordon v. Smith, 615 So. 2d 843, 844 (Fla. 4th DCA 1993); Russo v. Heil Const., Inc., 549 So. 2d 676, 677 (Fla. 5th DCA 1989).

We further note Loginov only provided this Court a transcript from one day of the three-day bench trial. While the transcript contains most of the expert witness' testimony, to the extent the trial court made factual findings on the two other days of the bench trial, we are constrained to affirm absent a showing of reversible error. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979); Fay v. Craig, 99 So. 3d 981, 982 (Fla. 5th DCA 2012) ("[A]ppellants proceed at their peril when they furnish a partial transcript.").

## II. Equitable Lien

Loginov contends the trial court erred in denying him an equitable lien. Ekaterina argues Loginov is not entitled to an equitable lien because he has an adequate remedy at law—the pursuit of a monetary judgment against Ekaterina in Russia.

5

In his complaint, Loginov asserted he was entitled to an equitable lien on the Sunny Isles Beach condominium because Igor and Ekaterina were unjustly enriched by his loan as they used it to pay off a debt on the condominium. Despite Ekaterina's contention, the existence of an adequate remedy at law does not bar Loginov's unjust enrichment claim outright. While the theory of unjust enrichment is equitable in nature, it does not restrict a party to seeking only an equitable remedy rather than a legal one. See Duty Free World, Inc. v. Miami Perfume Junction, Inc., 253 So. 3d 689, 694 (Fla. 3d DCA 2018) ("[T]he use of the term 'equitable' in reference to an unjust enrichment claim denotes fairness and does not mandate that unjust enrichment be construed as seeking only an equitable, as opposed to a legal, remedy." (quoting Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc., 695 So. 2d 383, 389 (Fla. 4th DCA 1997))). Loginov's claim was proper because Florida law provides "the basis for an equitable lien may rest upon material misrepresentation, fraud, mistake, or unjust enrichment." RC Aluminum Indus., Inc. v. Regions Bank, 127 So. 3d 881, 882 (Fla. 3d DCA 2013).

A plaintiff, however, "cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists.'" Fulton v. Brancato, 189 So. 3d 967, 969 (Fla. 4th DCA

6

2016) (quoting <u>Ocean Commc'ns, Inc. v. Bubeck</u>, 956 So. 2d 1222, 1225 (Fla. 4th DCA 2007)). Here, Loginov and Igor entered into a written loan agreement for the 67,000,000 rubles at issue. As such, an express contract governing the 67,000,000 loan exists and Loginov cannot pursue an equitable lien based on a claim of unjust enrichment.

Additionally, we note Loginov received a remedy at law because, as stated in the Russian judgments, he already obtained a judgment in Russia against Igor for the 67,000,000 rubles based on the loan agreement. <u>See</u> <u>Weinstein v. Aisenberg</u>, 758 So. 2d 705, 706 (Fla. 4th DCA 2000) (noting an appellee was not entitled to equitable relief because it had "an adequate remedy at law, i.e., money damages."). Thus, the trial court properly denied Loginov's claim for an equitable lien.

### III. Inconsistent Judgment

Loginov also asserts the trial court's ruling is impermissible because it is inconsistent with the final summary judgment order against Igor as it did not impose an equitable lien on the property. A court commits reversible error when it enters legally inconsistent rulings. <u>See</u> <u>Smiley v. Court</u>, 243 So. 2d 643, 644 (Fla. 4th DCA 1971); <u>J. Sourini Painting, Inc. v. Johnson Paints, Inc.</u>, 809 So. 2d 95, 99 (Fla. 2d DCA 2002) ("[B]ecause the trial court's findings are contradictory and its legal conclusions inconsistent, we

7

vacate the judgment and the order and remand for a new trial on all issues."). Here, the instant final judgment is not inconsistent with the prior summary judgment order. Essentially the two judgments establish Loginov has an equitable lien against Igor but not Ekaterina. Any factual inconsistency between the two judgments is belied by the fact that Igor made no objection whatsoever to Loginov's complaint and that Loginov had an existing judgment against Igor in Russia.

Affirmed.